## In re B. TATE OGLE GOLF, INC., consolidated with B. Tate Ogle Development Corporation, Debtor.

### Bankruptcy No. 92–00917–BKC–6C1.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

April 14, 1993.

## ORDER DENYING DEBTOR'S MOTION TO EXTEND TIME FOR FILING NOTICE OF APPEAL

C. TIMOTHY CORCORAN, III,
Bankruptcy Judge.

This case came on for consideration of the debtor's motion to extend the time for filing a notice of appeal (Document No. 277). In the motion, the debtor seeks an order pursuant to the provisions of F.R.B.P. 8002(c) extending the time to appeal the court's order on the FDIC's entitlement to proof of claim (Document No. 273). As grounds, the debtor alleges that it seeks the extension "to give the debtor's attorneys and principals an opportunity to evaluate fully the appropriateness of an appeal."

A review of the file reveals the following:

The debtor filed a petition under Chapter 11 of the Bankruptcy Code on February 17, 1992.[1] Upon the filing of the bankruptcy petition, the court set a claims bar date of June 15, 1992. The principal secured creditor in the case, the Federal Deposit Insurance Corporation ("FDIC"), failed to file a proof of claim by the claims bar date. The treatment of this secured creditor in a plan therefore immediately became the principal legal issue in the case, and the debtor began a series of maneuvers to deal with this difficult and complicated issue. The debtor first filed a motion to enlarge time for debtor to file a claim on behalf of the FDIC

1. Actually, two related debtors filed separate cases. By order entered on May 29, 1992, the court procedurally and substantially consolidated the two cases.

(Document No. 74).[2] In response, the FDIC filed a motion to extend time to file a late proof of claim (Document No. 160) and a motion to allow its motion for relief from stay (Document No. 49) filed before the expiration of the claims bar date to be treated as an informal proof of claim (Document No. 165). The parties filed memoranda in support of and opposition to the two latter motions.

■ Subsequently, on October 27, 1992, the court conducted a disclosure statement hearing. The parties were still posturing with regard to the FDIC claim issue, and the debtor had made no progress in settling on a strategy and a theory to advance on this issue. At the hearing, it was apparent that a determination of the FDIC's right to file a proof of claim and the nature and extent of any claim allowed was a critical predicate to the ability of the debtor or any party to fashion and confirm a plan of reorganization. Thus, no progress had been made in advancing the case toward confirmation. Notably, the debtor, as the proponent of a plan of reorganization, bears the burden of confirming the plan. 11 U.S.C. § 1129. Accordingly, the court was required to continue indefinitely the disclosure statement hearing and to schedule a case management conference to force the parties to make choices and to determine the priority and timing of the determination of the various issues before the court.

Before the case management conference, the debtor filed a proof of claim on behalf of the FDIC (Document No. 246), which has been designated as claim number 37. The FDIC objected to the form of this proof of claim (Document No. 252) and to the allowance of the claim as filed by the debtor (Document No. 253).

At the case management conference, held on January 7, 1993, the court and the parties agreed that a determination of the FDIC's entitlement to file a proof of claim was the threshold issue that had to be determined on a priority basis before any schedule could be ordered concerning the formation and filing of an amended disclosure statement and an amended plan and the scheduling of hearings on those matters. As a result, the court established a comprehensive briefing schedule on that and other critical issues. This schedule was contained in the case management order (Document No. 257) entered on January 15, 1993.

Pursuant to the schedule in the case management order, the parties filed a stipulation of facts and briefs on both sides of the issue of the FDIC's entitlement to file a claim. After a review of the papers, the court announced its decision in a telephone hearing on March 18, 1993. In alternative holdings, the court granted the FDIC's motion for leave to file a late claim and to allow an informal proof of claim. The court also found that the debtor's proof of claim on behalf of the FDIC was timely filed and that it could not be withdrawn by the debtor, and sustained the FDIC's objection to the form of the proof of claim. The court's oral decision was memorialized in an order entered on March 30, 1993 (Document No. 273). It is this order as to which the debtors seek an extension of time to appeal.

The time in which an appeal must be noticed is governed by F.R.B.P. 8002(a). This rule provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Accordingly, the debtor had up to and including April 9, 1993, to notice an appeal of the March 30, 1993, order. At 3:58 p.m. on April 9, the last day to take an appeal and 32 minutes before the clerk's office was to

---

2. This motion was designed to expand the debtor's options in view of the F.R.B.P. 3004 proof of claims filing deadline that would have precluded the debtor from filing a claim on behalf of the FDIC after July 14, 1992. As it turned out, the debtors did not pursue this matter until forced by the court to do so in December, 1992, preferring instead to take no action and thereby maintain the availability of all options. As discussed later in the text, this is precisely the kind of failure to act that has caused the lack of any appreciable progress in this case despite the fact the case is well over a year old and despite the fact that it is the debtor who must move the case toward confirmation.

close for the day, the debtor filed the pending motion for a 20 day extension of time (Document No. 277). The debtor also presented to the clerk a cover letter addressed to the undersigned and a proposed form of order granting the motion. (The court has directed the clerk to file and docket the original letter and proposed form of order.)

■ The debtor's pending motion relies upon F.R.B.P. 8002(c). This rule provides that "[t]he bankruptcy judge *may* extend the time for filing the appeal by any party for a period not to exceed 20 days from the expiration of time otherwise prescribed by this rule" provided that the request for the extension is made before the original ten day appeal period expires (emphasis added). The court rejects the notion that the court should automatically grant extensions of the type sought here. The word "may" contained in the first sentence of F.R.B.P. 8002(c) clearly indicates that the court has discretion in passing on such motions. If these extensions were to be automatically granted for the asking, the rule drafters would have used the word "shall." The court, therefore, considers the motion for extension of time in which to notice an appeal in light of the specific circumstances in the case.

■ The debtor in this case has requested the extension to "evaluate fully the appropriateness of an appeal." F.R.B.P. 8002(a) gives the debtor ten days in which to notice an appeal. The rule, therefore, assumes that ordinarily ten days is sufficient time for a party to made a determination of whether to file an appeal. The debtor has alleged no special circumstances in its motion to justify an extension of this ten day period. There are no allegations, for example, that the debtor's principals are and have been out of town or otherwise unavailable, or that events have otherwise precluded the debtor from considering the matter before. In fact, the motion is notably silent as to any facts that might warrant an extension of time. On this record, the court cannot conclude that more time is either necessary or desirable.

In addition, the debtor has already had substantially more than ten days to evaluate its position. In fact, the court announced its decision during the telephone conference hearing on March 18, 1993, and requested that counsel for the FDIC prepare a proposed form of order memorializing the court's ruling. The order of March 30 is the order submitted by counsel pursuant to that request. Thus, the debtor had some 22 days from the announcement of the court's ruling to the expiration of the ten day appeal period to decide what it wished to do.

Indeed, the debtor has had even more time than that. It has been clear almost from the outset of the case, and certainly from June 15, 1992, the claims bar date, that this dispute was both significant and substantial. All parties, therefore, have had months to determine the impact of both a favorable and an adverse ruling and to decide how they would respond in either eventuality.

The debtor further suggests that "given the relatively early stage of this case, creditors will not be harmed if the debtor is given an extra 20 days to determine whether to file an appeal." The court does not agree. This case is already old by pending Chapter 11 case standards. It was filed 14 months ago. The case has been repeatedly delayed by the debtor's failure to take those steps necessary to put the case in shape for a determination on the merits. The court has so stated on numerous occasions in open court. No meaningful plan can be proposed by anyone because of the many unresolved issues remaining in the case. In fact, a plan of reorganization will hinge on the treatment of the Federal Deposit Insurance Corporation. Determining what kind of claim it has, therefore, is a condition precedent to any meaningful progress in this case. It was for this reason that, after the October, 1992, aborted disclosure statement hearing, the court identified this dispute in the case management order as the threshold issue that must be decided first in this case. The 10 day time limit imposed in F.R.B.P. 8002(a) recognizes the need for speed and expedition in the administration of bankruptcy cases. The underlying matters at issue

here are a prime example of that need. Further delay, therefore, is not in the best interests of creditors, the estate, and the administration of this bankruptcy case.

The court further notes that the debtor filed the motion for extension of time 32 minutes before the appeal deadline expired. An earlier filing of the motion would have allowed the court time to consider seasonably the motion before the deadline expired. Moreover, the debtor took no steps to bring the motion for extension of time to the court's attention so that it could be determined before the expiration of the ten day appeals filing deadline. Indeed, the debtor could have made a request for an expedited hearing pursuant to Local Rule 2.03(c) which sets forth the procedure to be employed to obtain an expedited hearing of time critical matters. Instead, the debtor filed its motion for extension of time, with literally minutes to spare, in the apparent belief that the motion would be granted by the court without any consideration or discussion. Such a belief, however, does not discharge a party's obligation to meet deadlines imposed by the court and the rules. Thus, the debtor's filing of the pending motion for this extension 32 minutes before the clerk's office closed on the last day is an unjustified delaying tactic that the court is compelled to reject.

For the foregoing reasons, the court concludes that there is no cause, much less good cause, to justify the extension the debtor seeks. The fact that the debtor filed the motion on the last day so that the court could not rule on the motion before the deadline expired does not require that the court grant the meritless motion either in full or in part. Accordingly, the motion for an extension of time for filing the notice of appeal is denied.

DONE and ORDERED.