**In re Cindy A. HIGGINS, also known as Cindy Fox, Debtor.**

**Sylvia LOVELACE, Appellant,**

v.

**Cindy A. HIGGINS, also known as Cindy Fox, Appellee.**

**BAP No. EO–97–094.**

**Bankruptcy No. 97–70632.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

June 8, 1998.

---

James Vogt (Lisa Russell with him on the brief), of Reynolds, Ridings, Vogt & Morgan, P.L.L.C., Oklahoma City, OK, for Appellant.

Jimmy L. Veith, Ardmore, OK, for Appellee.

Before PUSATERI, ROBINSON, and MATHESON, Bankruptcy Judges.

## OPINION

ROBINSON, Bankruptcy Judge.

This Court has before it for review: the order of the bankruptcy court granting debtor's objection to creditor's claim for attorney's fees under section 506(b); the order granting in part and denying in part creditor's motion to amend and to make additional findings of fact; and the order denying creditor's motion to extend time to file notice of appeal. For the reasons set forth below, we affirm the order of the bankruptcy court denying an extension of time to file notice of appeal. We do not address the remaining merits of this appeal, because we conclude this Court lacks jurisdiction to consider the appeal.

## I. Background.

Sylvia Lovelace (" Lovelace") filed a secured claim against debtor Cindy Higgins ("Debtor") for the balance owed on a real estate mortgage. Lovelace's claim included post-petition attorney fees pursuant to 11 U.S.C. § 506(b). Debtor objected to the attorney fee portion of the claim. After trial, the bankruptcy court on September 18, 1997, entered its order granting Debtor's objection to the attorney fees, concluding that there was no default in the underlying mortgage, a prerequisite for the recovery of attorney fees under Oklahoma law. On September 29, 1997, Lovelace filed a motion to amend pursuant to Fed. R. Bankr.P. 7052.[1] On November 18, 1997, the bankruptcy court entered an order granting in part and denying in part the motion to amend.

Lovelace filed a motion to extend time to file notice of appeal on November 26, 1997, requesting an additional 20 days, or until December 18, 1997. On December 2, 1997, the bankruptcy court denied the motion to extend time. No hearing was held, nor did the bankruptcy court set forth specific findings in its order.

Lovelace filed her notice of appeal on December 9, 1997, stating that she was appealing from the order of September 18, 1997, granting the objection to claim; the order of November 18, 1997, ruling on the motion to amend; and the order of December 2, 1997, denying the motion to extend time to file notice of appeal.

Neither Lovelace nor the Debtor address the issue of the bankruptcy court's denial of the motion for extension of time in their respective appellate briefs. Instead, they address the merits of the appeal from the order granting the objection to proof of claim and the subsequent order on the motion to amend.

## II. Issues.

1) Whether the bankruptcy court abused its discretion by denying Lovelace's motion for extension of time to file notice of appeal pursuant to Fed. R. Bankr.P. 8002(c).

2) Whether this Court lacks jurisdiction to hear the appeal of the order denying claim and the subsequent order on the motion to amend because these orders were not timely appealed under Fed. R. Bankr.P. 8002.

## III. Standard of Review.

▮▮▮▮ The panel determines its jurisdiction sua sponte. Untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's judgment. *Deyhimy v. Rupp (In re Herwit),* 970 F.2d 709, 710 (10th Cir.1992). The bankruptcy court's decision on a motion for extension of time to file an appeal is reviewed under an abuse of discretion standard. *Key Bar Invs. v. Cahn (In re Cahn),* 188 B.R. 627 (9th Cir. BAP 1995).

## IV. Discussion.

1) Motion for extension of time to file notice of appeal.

The time limits established for filing a notice of appeal are " 'mandatory and juris-

---

1. Lovelace's motion to amend was timely. A motion to amend must be filed within 10 days after the date that the order or judgment was entered. Fed. R. Bankr.P. 7052(b). The tenth day was September 28, a Sunday. Pursuant to Fed. R. Bankr.P. 9006(a), the final day for filing a motion to amend was extended to the next business day, September 29.

dictional.'" *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960)). Rule 8002 requires that a notice of appeal be filed within ten days of the entry of the judgment appealed from. Fed. R. Bankr.P. 8002(a). However, this time can be extended under certain circumstances. The time for filing an appeal is tolled where a party brings one of the motions described in Rule 8002(b); the notice of appeal must be filed within ten days after an order is entered disposing of such a motion. In addition, Rule 8002(c) permits a twenty-day extension of time to file a notice of appeal if a motion is made within the original ten-day time period.

■ The motion to amend filed by Lovelace tolled the time for filing the notice of appeal. Fed. R. Bankr.P. 8002(b). Since the bankruptcy court entered its decision disposing of this order on November 18, 1997, the notice of appeal should have been filed within ten days of that date. Accordingly, Lovelace had up to and including November 28, 1997, to file a notice of appeal from these orders. On November 26, 1997, two days before the ten-day period expired, Ms. Lovelace filed a motion to extend time to file appeal, requesting an additional twenty days on the ground that the confirmation hearing on debtor's Chapter 13 plan had yet to occur. On December 2, four days after the ten-day period had expired, the bankruptcy court entered an order denying the motion to extend time. Lovelace appealed from that order, as well as the underlying orders, seven days later, on December 9, 1997.

■ An order denying a motion for extension of time to file a notice of appeal is a "final order," from which an appeal will lie. *Vogelsang v. Patterson Dental Co.,* 904 F.2d 427, 431 (8th Cir.1990); *Belfance v. Black River Petroleum, Inc. (In re Hess),* 209 B.R. 79 (6th Cir. BAP 1997). Lovelace's notice of appeal was filed within ten days of the entry of the order denying her motion for extension of time and was timely filed. Fed. R. Bankr.P. 8002(a). The issue before this Court is whether the bankruptcy court

abused its discretion in denying the motion for extension of time.

■ Lovelace's motion for extension relied upon Rule 8002(c), which provides that "[t]he bankruptcy judge *may* extend the time for filing the notice of appeal by any party" provided that the request for extension is made before the original ten-day appeal period expires. Fed. R. Bankr.P. 8002(c) (emphasis added). The bankruptcy court has discretion in passing on such motions to extend time and considers the motion in light of the specific circumstances of each case. *See In re B. Tate Ogle Golf, Inc.,* 154 B.R. 787, 788 (Bankr.M.D.Fla.1993). In this circuit, abuse of discretion is defined as "'an arbitrary, capricious, whimsical, or manifestly unreasonable judgement [sic].'" *FDIC v. Oldenburg,* 34 F.3d 1529, 1555 (10th Cir.1994) (quoting *United States v. Hernandez–Herrera,* 952 F.2d 342, 343 (10th Cir.1991) (further quotation omitted)).

■ Since the bankruptcy court's order denying the extension made no specific finding regarding the denial, we look to Lovelace's motion to see whether circumstances were alleged that might justify an extension. The motion states that the confirmation hearing on Debtor's second amended plan was scheduled for December 4, 1997, and requested an extension until December 18, 1997 to appeal. Apparently, Lovelace and her counsel knew an appeal would be taken, but wanted to wait to see if Debtor's plan was confirmed before proceeding. Lovelace cites no authority indicating the bankruptcy court's order denying the extension was an abuse of discretion. In fact, she does not raise the issue of the denial of the extension at all.

The fact that Lovelace filed her motion for extension within the initial ten-day appeal time does not automatically mean the extension will be granted. The word "may" contained in the first sentence of Fed. R. Bankr.P. 8002(c) clearly indicates that the court has discretion in passing on such motions. If such extensions were to be automatically granted, the rule would state "shall." Lovelace did not allege any special circumstances in her motion to justify an extension. A notice of appeal could have

been filed pending confirmation of Debtor's plan. If the plan had not been confirmed, the notice of appeal could easily have been dismissed. While we acknowledge that denial of a motion for extension of time to appeal filed prior to expiration of the ten-day appeal period is unusual, we cannot conclude that the bankruptcy court abused its discretion. Neither the record nor Lovelace's brief reveals any abuse of the bankruptcy court's discretion. Under the circumstances, we will not reverse the order denying the extension of the appeal time.

### 2) Jurisdiction to hear remaining appeal.

Lovelace appeals the order of the bankruptcy court granting Debtor's objection to her proof of claim and denying her request for attorney's fees under 11 U.S.C. § 506(b). She also appeals from the subsequent order on the motion to amend. While Lovelace timely appealed the order denying extension of time to file an appeal, she may not appeal the underlying orders of the bankruptcy court if the original ten-day appeal period has run. We find that appeal of these underlying orders was untimely and the scope of our review is limited to review of the bankruptcy court's denial of her motion for extension of time to file appeal.

The bankruptcy court's order denying the extension was entered on December 2, 1997, four days after the initial ten-day period to appeal had expired. We do not believe that Lovelace's filing of the motion for extension of time served to toll the ten-day time period for appealing the underlying orders. Nor did the motion to extend automatically serve to extend the appeal time until such time as the bankruptcy court ruled on the extension motion. In order to qualify as a tolling motion, a pleading must seek "substantive, not merely ministerial or clerical, relief." *Munden v. Ultra–Alaska Assocs.*, 849 F.2d 383, 387 (9th Cir.1988). Under Fed. R. Bankr.P. 8002(b), specific postjudgment motions act to toll the running of the time to appeal. As distinguished from motions to extend, motions that toll the time to appeal under Rule 8002(b) are those which seek to amend or add to the findings, or to alter or amend the judgment or to request a new trial or which seek relief from the judgment. *See Rettig v. Peters (In re Peters)*, 191 B.R. 411, 415 (9th Cir. BAP 1996). A motion for extension of time is ministerial and does not qualify as a tolling motion.

In this case, the bankruptcy court's order of denial was not entered until after the initial ten-day period to appeal had expired. Although the bankruptcy court could have, in its discretion, provided Lovelace a brief additional period for compliance beyond the date of denial, counsel should not rely upon any such action. When a motion for extension is denied after the appeal time has expired, a party may simply be foreclosed from any untimely compliance with the scheduled date to file the notice of appeal. Such is the case here.

This is not to say, however, that Lovelace was without remedy. Fed. R. Bankr.P. 8002(c) permits the bankruptcy court to grant an extension of time filed after the ten-day period upon a showing of excusable neglect.[2] Lovelace did not file such a motion. Because a timely-filed notice of appeal is both mandatory and jurisdictional, we lack jurisdiction to hear the appeal from these orders.

### V. Conclusion.

For the reasons stated, it is hereby ordered that the order of the bankruptcy court denying the motion for extension of time to file appeal is AFFIRMED.

---

**2.** Fed. R. Bankr.P. 8002(c) provides that "a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Accordingly, the last date Ms. Lovelace could have filed such a motion was December 18, 1997.