**In re Bobby PANGBURN, Debtor.**

**Bankruptcy No. 98–02350.**

United States Bankruptcy Court,
D. Idaho.

Sept. 4, 1998.

Bobby E. Pangburn, Caldwell, ID, for Debtor.

Bernie R. Rakozy, Boise, ID, Trustee.

### SUMMARY ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

TERRY L. MYERS, Bankruptcy Judge.

Debtor, by *ex parte* motion, seeks an Order extending for an additional 20 days the time within which he may appeal the decision of this Court rendered on August 26, 1998. That decision denied a motion to reconsider filed by the Debtor under Rule 9023 [1] and 9024 regarding an earlier ruling which found that the instant chapter 13 filing of the Debtor ran afoul of § 109(g) and would be, therefore, dismissed.[2]

---

1. Unless otherwise indicated, all references to "code," "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101—1330, and all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") 1001—9036, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

2. Debtor's motion is titled "Debtor's Motion for an Order Extending Time in which to File a Notice of Appeal of this Court's Denial of Reconsideration Dated August 26, 1998;" it does not expressly address appeal of the August 14, 1998, order dismissing the Debtor's chapter 13 case.

The motion to reconsider was premised on two issues. The first was the alleged error of the Court in not considering at the August 6, 1998, hearing on the motion to dismiss under § 109(g) a "declaration" of the Debtor filed the day before hearing, but not in the Court file, nor received by opposing counsel, nor proffered to the Court by Debtor's counsel at the August 6 hearing. The second issue was, in essence, nothing more than a reargument of the Debtor's previously advanced contentions that the dismissal of his earlier chapter 11 case—the predicate dismissal for § 109(g) purposes—was not "willful" as contemplated under that code prohibition.

The Debtor was allowed a second chance to attempt to establish that the earlier chapter 11 dismissal was not willful and that § 109(g) was not implicated, as well as an opportunity to show how the subject declaration somehow would affect the analysis of those issues.

The Court found at the hearing on August 26 that the "missed" August 5 declaration added little to either the legal or factual analysis, and merely echoed the contentions Debtor already raised in pleadings (including a similar declaration) filed in the chapter 11 case and which had been considered by the Court.

Additionally, the second round of argument did not establish, in the Court's view, a credible or persuasive basis for deciding that the earlier decision—that the chapter 11 case had been dismissed for the willful failure of the Debtor to comply with Court orders—was wrong.

Debtor knew, on August 6, the position of the Court on the § 109(g) issue. He knew, on August 26, that the Court was not changing the ruling. He had ten days from August 26 in which to appeal. Rules 8002(a), 8002(b)(2) and (4).

On the seventh day, Debtor filed a request under Rule 8002(c) asking for an extension. ■ A motion under Rule 8002(c) is committed to the Court's discretion. *In re Higgins,* 220 B.R. 1022, 1025 (10th Cir. BAP 1998); *In re B. Tate Ogle Golf, Inc.,* 154 B.R. 787, 789 (Bankr.M.D.Fla.1993). Such motions are not to be automatically or routinely granted; if they were, Rule 8002(c) would say that the Court "shall," and not "may," extend the time for filing the appeal. *Id.* Both these cases indicate that the proponent of the request must allege special circumstances that justify relieving the party from filing the appeal within the ten day time frame all parties are expected to meet under Rule 8002(a) and, when applicable as here, Rule 8002(b).

In order to meet this burden, Debtor alleges only that he "wishes to more extensively research the law applicable to the Court's decision and consider all options prior to appeal." Motion, at p. 2. But it is hard to understand how these desires are unlike those held by any party considering whether or not to appeal an adverse ruling.

In point of fact, the Debtor in this case has had ample opportunity to consider the applicable law, having argued the issue of the § 109(g) bar not once, but twice. Moreover, the Debtor's August 5 declaration, referred to above, was joined with a Memorandum of Law discussing case authorities regarding these legal issues.

Debtor has, in short, failed to show that there are the sort of special circumstances, not found in virtually every other case, which justify the exercise of the Court's discretion under Rule 8002(c). This case is indistinguishable from *Ogle Golf.*

■ The Debtor's request for a 20 day extension under Rule 8002(c) is, therefore, DENIED. However, *Higgins* notes that it is within the Court's discretion to allow a brief additional extension of the time for appeal when it denies a Rule 8002(c) request. *Supra,* 220 B.R. at 1026. Due to the late date of the Debtor's motion, and thus the fact that this Court's ruling will be received on the eve of the ten day bar, the time for filing an appeal shall be briefly extended to and including September 9, 1998.

IT IS SO ORDERED.