In re **BETACOM OF PHOENIX, INC.;**
**Beta Communications, Inc.; American**
**Broadcasting Systems, Inc., Debtors.**

**F. Patrick Nugent and Anita**
**Nugent, Appellants,**

**v.**

**Betacom of Phoenix, Inc.; Beta Com-**
**munications, Inc.; American Broad-**
**casting Systems, Inc., Appellees.**

No. AZ–99–1599–RyKP.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted March 23, 2000.

Decided May 31, 2000.

---

Michael E. Gottfired, Jaburg & Wilk, P.C., Phoenix, AZ, for appellants.

Victoria M. Avilez, James E. Cross, Dillingham Cross P.L.C., Phoenix, AZ, for American Broadcasting Systems, Inc.

Joseph K. Brinig, Phoenix, AZ, for Betacom of Phoenix, Inc.

Before RYAN, KLEIN, and PERRIS, Bankruptcy Judges.

## OPINION

RYAN, Bankruptcy Judge.

Ten days after the bankruptcy court denied their motion for authorization to amend a proof of claim (the "Claim Motion"), F. Patrick and Anita Nugent filed a motion for an extension of time to file their notice of appeal (the "Motion"). The bankruptcy court denied the Motion. The Nugents timely appealed the denial of the Motion.

We VACATE and REMAND.

## I. FACTS

The Nugents were majority shareholders in Betacom, Inc. ("Debtor"). In 1991, Debtor entered into a merger agreement with American Broadcasting Systems

("ABS") under which Debtor agreed to merge into ABS in exchange for cash and ABS stock. Apparently, a dispute arose under the merger agreement, and in 1992, the Nugents filed a complaint against Debtor and ABS in the district court.

After Debtor filed its chapter 11[1] bankruptcy petition in 1995, the Nugents filed a proof of claim asserting that they were owed $4,190,428 and attached as a basis for the claim a third amended complaint filed in the district court. The third amended complaint alleged the following causes of action: (1) breach of contract related to nonpayment of employment compensation; (2) breach of contract related to nonreimbursement of expenses; (3) declaratory judgment and anticipatory breach of the merger agreement; (4) misrepresentations of material facts and breaches of the merger agreement based on the lack of a contractually required audit and a breach of a "time is of the essence" clause; (5) actual breaches of the merger agreement; and (6) bad faith dealing and fraud. The district court complaint was subsequently amended two more times.[2]

In July 1999, the Nugents filed the Claim Motion based on the amendments to the district court complaint. On August 17, 1999, the bankruptcy court entered an order (the "Order") denying the Claim Motion. On August 27, 1999, the Nugents filed the Motion, seeking an extension of twenty days from the expiration of the initial ten-day appeal period to file the notice of appeal of the Order. The Nugents sought the extension because "a mediation [was] scheduled in this entire bankruptcy proceeding for September 16, 1999. The Nugents would like to [have] see[n] the progress of this mediation before final decisions [were] made concerning an appeal of [the Order]." Mot. to Extend Time for Filing Notice of Appeal, at 1. On September 2, 1999, the court entered an order denying the Motion (the "Extension Order"). The Nugents filed a timely notice of appeal of the Extension Order.[3]

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. All rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

2. The fourth amended complaint allegedly requested monetary damages based on the alleged value of the Nugents' stock interests in ABS. The fifth amended complaint allegedly sought to impose a constructive trust on Debtor's property and alleged conversion, fraud, breach of fiduciary duty, and breach of contract.

On August 18, 1999, we issued a memorandum in BAP No. AZ–98–1704–PRyK, affirming the bankruptcy court's determination that the order confirming the chapter 11 plan barred the Nugents from further pursuit of the constructive trust claim. At oral argument, counsel for the Nugents indicated that they have appealed this ruling to the Ninth Circuit Court of Appeals.

3. The appellees filed a motion to dismiss the appeal, alleging that it is moot because (1) the Nugents did not file a notice of appeal within thirty days of the entry of the Order and therefore lost their right to appeal the Order and (2) a ruling on a summary judgment motion in district court had rendered moot any appeals of the Order and the Extension Order. We denied the motion with respect to the first contention because Rule 8002(c) permits a notice of appeal to be filed no later than twenty days after the expiration of the initial ten-day appeal period *or ten days after entry of the order granting the motion for an extension of time. See* FED.R.BANKR.P. 8002(c)(2). However, because we lacked sufficient information on which to make a determination as to the effect of the district court's rulings on motions for summary judgment, we took under advisement (1) the portion of the motion that requested dismissal based on subsequent events in district court and (2) the accompanying request for judicial notice of the district court's memorandum and order on the defendants' motions for summary judgment. The parties were ordered to be prepared to discuss mootness at oral argument. We hereby grant the request for judicial notice.

Based on representations made at oral argument, it is clear that this appeal is not moot. First, the Nugents have appealed our decision (see footnote 2, *supra* ) regarding the constructive trust claim. Second, although the district court dismissed four causes of action in the fifth amended complaint, several counts remain to be tried. Therefore, that portion of the motion to dismiss that we took under advisement is hereby ordered denied.

## II. ISSUE

Whether the bankruptcy court abused its discretion in declining to extend the time for filing a notice of appeal.

## III. STANDARD OF REVIEW

 The bankruptcy court's denial of a motion for an extension of time to file a notice of appeal is reviewed for an abuse of discretion. *See National Indus., Inc. v. Republic Nat'l Life Ins. Co.*, 677 F.2d 1258, 1264 (9th Cir.1982) (citations omitted). A court abuses its discretion if it relies on an incorrect legal standard. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir.1987). The legal standard applied by a court is reviewed de novo. *Id.*

## IV. DISCUSSION

In the Extension Order, the court noted that because the Motion was filed within the initial ten-day period, the Nugents were not required to show excusable neglect. However, the court held that Rule 8002(c) committed the decision of whether to grant the Motion to its discretion and required it to consider the Motion in light of the circumstances of the case, citing *Lovelace v. Higgins (In re Higgins)*, 220 B.R. 1022, 1025–26 (10th Cir. BAP 1998) and *In re Pangburn*, 226 B.R. 109, 110 (Bankr.D.Idaho 1998). Relying on these cases, the court held that

> [t]he proponent of the motion to extend the time to file a notice of appeal must allege special circumstances which would justify the Court granting such an extraordinary request, because the granting of such a motion thereby relieves the party from complying with the normal ten day time frame for filing a notice of appeal, which is the time limit that all other parties are expected to meet.

Op. and Order Den. the Nugents' Mot. to Extend Time to File Notice of Appeal (Sept. 2, 1999) (hereinafter "Opinion"), at 5. In applying this standard to the facts at hand, the court concluded that the Nugents had failed to establish good cause or special circumstances. Specifically, the court found that

> the Nugents have not stated any reason that would prevent them from filing the notice of appeal before the expiration of the ten day period. Instead, it appears from the reasons stated in the Motion, that the Nugents simply want to keep their options open, and/or to continue to hold a trump card when they walk into the mediation. The Court finds and concludes that the Nugents' stated reason for an extension of time for filing their notice of appeal does not amount to special circumstances or sufficient cause which would justify the Court granting such relief from the time limitations contained in FRBP 8002(a).

Opinion, at 7.

On appeal, the Nugents contend that the court abused its discretion in denying the Motion because (1) they filed the Motion "merely to see if settlement was going to wholly resolve this matter and save all the time and expense of initiating the appeal process," (2) the extension of time would not give them greater leverage in the mediation session, (3) the court concluded without any rational basis that the Motion was an attempt to influence the mediation, and (4) an extension would not violate the rationale behind the shortened-appeal period in bankruptcy appeals because no issue in the bankruptcy case was dependent on the decision. Appellants' Opening Br., at 8. Therefore, they argue that the court abused its discretion in denying the Motion.

 The Nugents sought an extension of time to file a notice of appeal of the Order pursuant to Rule 8002(c), which provides in pertinent part that "[t]he bankruptcy judge *may* extend the time for filing the notice of appeal by any party" provided that the request for an extension is made prior to the expiration of the initial ten-day appeal period. FED. R.BANKR.P. 8002(c)(1) (emphasis added). The use of the word "may" rather than

"shall" indicates that the bankruptcy court has discretion in granting such motions. *See United States v. Rodgers*, 461 U.S. 677, 706, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) (stating that "[t]he word 'may,' when used in a statute, usually implies some sort of discretion"). Indeed, the Tenth Circuit Bankruptcy Appellate Panel has held that "[t]he bankruptcy court has discretion in passing on such motions to extend time and considers the motion in light of the specific circumstances of each case." *Lovelace*, 220 B.R. at 1025. However, the fact that the bankruptcy court has discretion in evaluating such a motion does not answer the question as to what standard the bankruptcy court should apply in exercising that discretion.

There are no Ninth Circuit cases setting forth the standard for evaluating a motion for extension of time to file a notice of appeal that is filed within the initial ten-day appeal period set forth in Rule 8002(c), and none is provided by Rule 8002(c). *Collier* states that "[t]he absence of a standard to govern the decision of the bankruptcy judge if the request for an extension of time is made prior to the expiration of the periods prescribed in Rule 8002(a) and (b) suggests that ... the extension should be almost automatic." 10 L. KING, COLLIER ON BANKRUPTCY ¶ 8002.09[1], at 8002–16 (15th ed. rev.1999). However, as indicated above, the use of the word "may" rather than "shall" infers that an extension is not necessarily automatic, although it may be routinely granted.

In evaluating the Motion, the court relied upon three published cases dealing with motions for extensions of time to appeal filed within the initial ten-day appeal period. In *In re B. Tate Ogle Golf, Inc.*, 154 B.R. 787, 789 (Bankr.M.D.Fla.1993), the appellant sought the extension to " 'evaluate fully the appropriateness of an appeal.' " In reviewing the appellant's request, the court first noted that it had discretion in passing on the motion and that it would therefore evaluate the motion "in light of the specific circumstances of the case." *Id.* It then observed that Rule 8002(a) presumes that "ordinarily ten days is sufficient time for a party to ma[k]e a determination of whether to file an appeal." *Id.* Turning to the merits of the appellant's request, the court held that "[t]he debtor ha[d] alleged no special circumstances in its motion to justify an extension of this ten day period" and therefore denied the request.[4] *Id.*

Subsequently, in *Lovelace*, the appellant sought an extension of time to appeal in order to see if the debtor's chapter 13 plan was confirmed before proceeding with an appeal of an order sustaining the debtor's objection to the appellant's inclusion of attorney's fees in its claim. In reviewing the court's denial of the motion, the Tenth Circuit Bankruptcy Appellate Panel first noted that a bankruptcy court has discretion in evaluating such motions and that they should be considered "in light of the specific circumstances of each case." *Lovelace*, 220 B.R. at 1025 (citing *Ogle Golf*, 154 B.R. at 789). The court then held that the appellant had not "allege[d]

---

4. In denying the extension request, the court went on to note that because of a delay in entering the order, the appellant had already had twenty-two days from the court's announcement of its ruling to decide what it wanted to do. Additionally, the court stated that the dispute had been ongoing and that all of the parties had had months to determine the impact of the court's potential ruling and to decide how to respond. The court also disregarded the appellant's suggestion that creditors would not be harmed by an additional twenty-day delay because the case had been pending for fourteen months, the case had been "repeatedly delayed by the [appellant's] failure to take those steps necessary to put the case in shape for a determination on the merits," and no meaningful chapter 11 plan could be proposed because of the unresolved issues remaining in the case. *Ogle Golf*, 154 B.R. at 789. Last, the court observed that the extension motion was not filed until thirty-two minutes before the appeal deadline expired and that the appellant had not brought the motion to the court's attention so that it could rule on it prior to the expiration of the deadline. *Id.* at 789–90.

any special circumstances in her motion to justify an extension" and concluded that the bankruptcy court had not abused its discretion. *Id.* at 1025–26.

Subsequently, in *Pangburn*, 226 B.R. at 110, the debtor sought an extension of time to appeal an order denying his motion for reconsideration of an order dismissing his chapter 13 case in order "to more extensively research the law applicable to the Court's decision and consider all options prior to appeal." After noting that "[s]uch motions are not to be automatically or routinely granted," the court cited to *Lovelace* and *Ogle Golf* and held that "[b]oth these cases indicate that the proponent of the request must allege special circumstances." *Id.* Because the debtor "failed to show that there are the sort of special circumstances[ ] not found in virtually every other case," the court denied the extension request. *Id.*

■ These cases, read together, give rise to the view that special circumstances must be demonstrated before a bankruptcy court should exercise its discretion to grant an extension. Given that "special" is defined as "[s]urpassing what is common or usual; exceptional," THE AMERICAN HERITAGE DICTIONARY 1172 (2d college ed.), we think that a special circumstances requirement is too stringent because Rule 8002(c) does not even require that cause be shown before the extension is granted.

■ Instead, because a motion for an extension is essentially a motion for a continuance, we believe that it is appropriate to adopt a slightly modified version of the standard set forth in the Ninth Circuit for evaluating a continuance motion. As adapted, the factors for assessing how to exercise the court's discretion with respect to a motion for extension of time in which to file a notice of appeal are: (1) whether the appellant is seeking the extension for a proper purpose;[5] (2) whether the need for an extension would likely be met if the motion were granted; (3) the extent to which granting the motion would inconvenience the court and the appellee or would unduly delay the administration of the bankruptcy case;[6] and (4) the extent to which the appellant would be harmed if the motion were denied. *See United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.1985) (applying these standards to a motion for a continuance). "The weight ... attribute[d] to any one factor may vary with the extent of the showings on the other factors." *Id.*

Here, the court required the Nugents to establish special circumstances justifying the extension and indicated that such extension motions were an "extraordinary request" that should not be routinely granted. Opinion, at 5. Because the standard that the bankruptcy court applied

**5.** This standard replaces the first factor set forth in *Flynt*, which was the appellant's diligence in his efforts to comply with the deadline. *See Flynt*, 756 F.2d at 1359. It is unlikely that the basis for an extension motion that is filed within the initial ten-day appeal period will be an inability to comply with the ten-day deadline set forth in Rule 8002(a). Therefore, we believe that it is more appropriate to consider whether the appellant has a proper purpose in seeking the extension.

Examples of an improper purpose may include an appellant seeking an extension in a proceeding in which there has been a history of delay or abuse or an appellant who seeks the extension solely as a litigation tactic. Examples of a proper purpose may include an appellant who wants additional time to conduct research into the merits of a possible

appeal or wants to await the outcome of a pending proceeding that may impact the decision of whether to proceed with an appeal.

**6.** In the unique context of bankruptcy proceedings, it may be important for the court to determine whether granting an extension would unduly delay the administration of the bankruptcy case. The Ninth Circuit has held that rigid enforcement of the ten-day appeal period in Rule 8002(a) "is justified by the peculiar demands of a bankruptcy proceeding, primarily the need for expedient administration of the [b]ankruptcy estate aided by certain finality of orders issued by the [c]ourt in the course of administration." *Galt v. Jericho–Britton (In re Nucorp Energy, Inc.)*, 812 F.2d 582, 584 (9th Cir.1987) (citation and internal quotation marks omitted).

was too stringent, we vacate the Extension Order and remand this matter to the bankruptcy court with instructions to consider the Motion in light of this opinion.

## V. CONCLUSION

In ruling on a motion for an extension of time to file a notice of appeal under Rule 8002(c) that is filed within the initial ten-day appeal period, a bankruptcy court must consider the following four factors: (1) whether the appellant is seeking the extension for a proper purpose; (2) the likelihood that the need for an extension will be met if the motion is granted; (3) the extent to which granting the extension would inconvenience the court and the appellee or unduly delay the administration of the bankruptcy case; and (4) the extent to which the appellant would be harmed if the motion were denied. Because the bankruptcy court applied an incorrect legal standard when determining how to exercise its discretion, we VACATE the Extension Order and REMAND for further proceedings consistent with this opinion.