FILED
United States Court of Appeals
Tenth Circuit

November 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ARTHUR JAMES REEVES, member Art
Reeves, member Art Reeves Builders
LLC, member Mountain View Design &
Build LLC,

            Debtor.

--------------------------------------------------

LAWRENCE RAYNER and SALLY
RAYNER,

            Plaintiffs–Appellees,

v.

ARTHUR JAMES REEVES,

            Defendant–Appellant.

No. 11-1574
(No. 11-035-CO)
(B.A.P.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Arthur James Reeves appeals an order of the Tenth Circuit Bankruptcy Appellate Panel ("BAP") denying his motion for extension of time to a file a notice of appeal. We affirm.

**I**

This appeal arises out of a proceeding brought in 2009 by Lawrence Rayner and Sally Rayner (the "Rayners") against Reeves to establish the non-dischargeability of two debts. Since 2001, the parties have been involved in lengthy civil litigation in Wisconsin state court concerning construction work Reeves had performed on the Rayners' home. Because of the parties' familiarity with the underlying facts, we only summarize them here.

The Rayners sought to except two debts from Reeves' bankruptcy discharge: a debt for criminal restitution that stemmed from Reeves' guilty plea to felony theft by contractor, of which the Rayners were victims ("Criminal Restitution"); and a debt arising from a judgment entered in favor of the Rayners by a Wisconsin state court (the "Wisconsin Judgment").

With respect to the discharge of Criminal Restitution, Reeves asserted as an affirmative defense that the matter was being appealed in Wisconsin state court. This representation to the bankruptcy court was false. Reeves ultimately admitted that the Criminal Restitution was non-dischargeable, and the bankruptcy court consequently granted the Rayners' summary judgment motion excepting the Criminal Restitution.

In December 2010, the Rayners similarly moved for summary judgment on the dischargeability of the Wisconsin Judgment on the basis that Reeves made false representations to the Rayners and caused them to sustain losses. Reeves had convinced the Rayners during a prior state court action that he had no money or property from which a judgment could be satisfied. Based on these representations, the parties stipulated to the dismissal of the action on the condition that if any representations were false, the Rayners would be entitled to a judgment of $100,000. The Rayners later learned Reeves' representations were indeed false, and judgment was entered against him. The Wisconsin Court of Appeals affirmed the Wisconsin Judgment in October 2010, and the bankruptcy court entered judgment in favor of the Rayners on June 3, 2011, declaring the Wisconsin Judgment non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

Under Fed. R. Bankr. P. 8002, Reeves had until June 17, 2011 to file a notice of appeal of the bankruptcy court's order. One day before the deadline, Reeves filed a motion for extension of time to file a notice of appeal, requesting an extension until July 8, 2011. The bankruptcy court denied the motion, and the BAP affirmed. This appeal followed.

## II

In an appeal from a BAP ruling, we review only the bankruptcy court's decision. Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller), 666 F.3d 1255, 1260 (10th Cir. 2012). Matters of law are reviewed de novo, and factual findings

made by the bankruptcy court are reviewed for clear error. Id. We review the bankruptcy court's decision to deny an extension of time under Rule 8002 for abuse of discretion. See Lang v. Lang (In re Lang), 414 F.3d 1191, 1194 (10th Cir. 2005); see also Lovelace v. Higgins (In re Higgins), 220 B.R. 1022, 1024 (B.A.P. 10th Cir. 1998). We will not disturb the bankruptcy court's decision unless it has "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994). "An abuse of discretion occurs when the [trial] court's decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." Id. at 1504-05 (quotation omitted).

A notice of appeal from a bankruptcy court order must be filed with the clerk of the bankruptcy court "within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). However, a "bankruptcy judge may extend the time for filing the notice of appeal by any party" by an additional twenty-one days provided that the motion is filed within the original fourteen-day time period. Fed. R. Bankr. P. 8002(c) (emphasis added). Because Reeves filed his motion for extension of time one day before his deadline to file a notice of appeal, his motion was filed within the original fourteen-day time period.

As grounds for his request, Reeves stated that he was consulting with an attorney who handled bankruptcy appeals and that the attorney was reviewing Reeves' file. He also stated that he resided in Crested Butte, Colorado, and was

referred to counsel in Grand Junction, Colorado. However, the bankruptcy court denied Reeves' motion because the "litigation between the parties has lasted over 10 years [and] [a]ny further delay would be an undue delay." Pointing out that Reeves was a "seasoned litigator" familiar with the appellate process, the court concluded that the proceedings before the Wisconsin state court reflected a history of delay and that Reeves "[did] not set forth good cause" for his requested extension.

On appeal, Reeves does not assert expressly that the bankruptcy court abused its discretion in denying his request for an extension of time. Instead, he advocates for use of the standard established by the Ninth Circuit Bankruptcy Appellate Panel in Nugent v. Betacom of Phoenix, Inc. (In re Betacom of Phoenix, Inc.), 250 B.R. 376 (B.A.P. 9th Cir. 2000), to determine whether a motion for extension of time under Rule 8002(c) should be granted. The Ninth Circuit BAP considered the following factors:

> (1) whether the appellant is seeking the extension for a proper purpose; (2) whether the need for an extension would likely be met if the motion were granted; (3) the extent to which granting the motion would inconvenience the court and the appellee or would unduly delay the administration of the bankruptcy case; and (4) the extent to which the appellant would be harmed if the motion were denied.

Id. at 381 (footnotes omitted). Reeves applies these factors to his case and suggests that his motion for extension of time should be granted under Betacom.

Regardless of his reliance on Betacom, Reeves fails to establish that the bankruptcy court abused its discretion in denying his request for an extension of time. In Higgins, the Tenth Circuit BAP emphasized that the decision to grant or deny a

motion for extension of time to file a notice of appeal in these circumstances is discretionary, noting that the use of the word "may" in Rule 8002(c) "clearly indicates that the court has discretion in passing on such motions." 220 B.R. at 1025. "If such extensions were to be automatically granted, the rule would state 'shall.'" Id. Moreover, in exercising its discretion, the bankruptcy court "considers the motion in light of the specific circumstances of each case." Id.

While this court has not specified a standard by which to judge the merits of a motion for extension of time to file a notice of appeal under Rule 8002(c), Higgins provides guidance and we decline to adopt the standard used by the Ninth Circuit BAP in Betacom. Review of the record supports the bankruptcy court's findings that the litigation between the parties reflects a history of delay or abuse by Reeves and that Reeves is a seasoned litigator familiar with the appellate process. Further, apart from stating that he was consulting with an attorney, Reeves offers no basis for his request for an extension and does not attempt to explain any difficulties that prevented him from filing a timely notice of appeal. Moreover, we note that even under Betacom an extension of time may be denied if the appellant has an improper purpose, such as seeking an extension when there has been a history of delay or abuse. See 250 B.R. at 381 n.5.

### III

After careful review of the record, we cannot conclude that the factual findings of the bankruptcy court are clearly erroneous or that the denial of Reeves' motion for

extension of time constituted an abuse of discretion.  We therefore **AFFIRM** the bankruptcy court's judgment for substantially the same reasons as those stated in the BAP's November 28, 2011 opinion.

Entered for the Court


Carlos F. Lucero
Circuit Judge