NOT FOR PUBLICATION

FILED

APR 04 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: )<br>)<br>JUVELYN SMITH, )<br>)<br>    Debtor. )<br>)<br>_____)<br>)<br>MICHAEL SMITH, )<br>)<br>    Appellant, )<br>)<br>v. )<br>)<br>JUVELYN SMITH, )<br>)<br>    Appellee. )<br>_____) | BAP No. SC-13-1185-PaJuKu<br><br>Bankr. No. 08-09001-LT<br><br>Adv. No. 09-90177-LT<br><br><br><br><br>**M E M O R A N D U M**[1] |

Submitted Without Oral Argument[2]

Filed - April 4, 2014

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Laura S. Taylor, Chief Bankruptcy Judge, Presiding

Appearances: Appellant Michael Smith, pro se, on the brief.

Before: PAPPAS, JURY, and KURTZ, Bankruptcy Judges.

---

  [1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

  [2] After notice to the parties, in an order entered on December 10, 2013, the Panel unanimously determined this appeal was suitable for submission on the briefs and record without oral argument, pursuant to Fed. R. Bankr. P. 8012.

Michael Smith ("Appellant") appeals the bankruptcy court's order denying his motion for an extension of time to file an appeal. We AFFIRM.

**FACTS AND PROCEDURAL HISTORY**

Chapter 7[3] Debtor Juvelyn Smith ("Debtor") and Appellant were once husband and wife. The termination of that relationship spawned over a decade of contentious litigation.

On September 15, 2008, Debtor filed a bankruptcy petition. The case proceeded unremarkably, a discharge was entered in Debtor's favor and, on December 19, 2008, the case was closed. On February 23, 2009, Appellant filed a motion to reopen the bankruptcy case so that he could commence an adversary proceeding against Debtor to contest the dischargeability of a debt he alleged was owed to him. His motion was granted, and the bankruptcy case was reopened on March 17, 2009.

On April 28, 2009, Appellant filed an adversary complaint; he amended it on July 26, 2010. In the amended complaint, Appellant alleged four claims for relief against Debtor which, he asserted, gave rise to nondischargeable debts: 1) intentional tort (generally, tortious interference with his parent/child relationship); 2) willful and malicious injury; 3) conspiracy; and 4) immigration fraud. Debtor filed an answer on September 28, 2010, followed by a motion to dismiss on January 3,

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure 1–86.

2011.  Because the motion asked the bankruptcy court to consider matters outside of the pleadings, the bankruptcy court treated it as a motion for summary judgment.  Following a hearing on the motion, the bankruptcy court granted summary judgment to Debtor on the fourth claim alleged in Appellant's amended complaint.  After providing Appellant a further opportunity to present evidence regarding the other three claims, the bankruptcy court on January 26, 2012, denied Debtor's motion for summary judgment on the first three claims to the extent that those claims arose between March 21, 2002, and March 21, 2003, or that they were based on Debtor's alleged statements regarding child abuse by Appellant.  Proceedings would continue as to the first three claims not based on those excluded issues.

Appellant filed his own motion for summary judgment on September 16, 2011.  The bankruptcy court denied the motion as to all counts in the complaint and granted summary judgment in favor of Debtor as to the fourth count in an order entered on October 27, 2011.  All of Appellant's remaining claims were then set for trial.  After hundreds of pages of documents were submitted by Appellant, and numerous extensions of time were granted, the bankruptcy court ultimately ruled without a hearing that summary judgment should be granted in favor of Debtor on the remaining counts.  Subsequent to entry of the order, Appellant was given an additional ten days to request oral argument, which he did.  Following oral argument, a judgment dismissing the adversary proceeding was entered on February 22, 2013.

Appellant filed a notice of appeal concerning the judgment on March 18, 2013 (the "SJ Appeal").  After notice to Appellant,

-3-

the Panel dismissed the appeal as untimely on May 6, 2013.

On the same date as the SJ Appeal notice of appeal was filed, Appellant also filed a motion to extend time to file the appeal.[4] On April 3, 2013, the bankruptcy court entered an order denying the motion. Appellant filed the notice commencing this appeal on April 17, 2013.[5]

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158(a)(1).

**ISSUE**

Whether the bankruptcy court abused its discretion in denying Appellant's motion for extension of time to file a notice

---

[4] In the order dismissing the SJ Appeal, the Panel acknowledged that Appellant had filed a motion for extension of time in which to file the SJ Appeal, that the motion had been denied by the bankruptcy court, and that he had filed this current appeal. The Panel noted that "[i]f the order denying the extension motion is reversed on appeal, the dismissal of BAP Appeal No. SC-13-1122 will be vacated and BAP Appeal No. SC-13-1122 will be reinstated." Order of Dismissal, BAP Case No. 13-1122, May 6, 2013, at 2 n.1.

[5] On January 28, 2014, Appellant filed a request asking that the Panel take judicial notice of (1) a book written by Stephen Baskerville, TAKEN INTO CUSTODY: THE WAR AGAINST FATHERS, MARRIAGE AND THE FAMILY (Cumberland House, 2007), and (2) pleadings from a lawsuit filed by attorney Cole Stuart in the U.S. District Court in San Diego. Appellant asserts that these documents "address the operation of the state family/juvenile courts and [are] applicable to this court for an understanding of what happened in the underlying juvenile court case." Request for Judicial Notice, at 2. These materials are not relevant to issues in this appeal, and Appellant's request for judicial notice is DENIED.

-4-

of appeal.

**STANDARD OF REVIEW**

We review a bankruptcy court's denial of a motion for an extension of time to file a notice of appeal for abuse of discretion. Warrick v. Birdsell (In re Warrick), 278 B.R. 182, 184 (9th Cir. BAP 2002) (citing Nugent v. Betacom of Phoenix, Inc. (In re Betacom of Phoenix, Inc.), 250 B.R. 376, 379 (9th Cir. BAP 2000)). This standard has two parts. First, we consider whether the bankruptcy court applied the correct legal standard; and second, we must decide whether the court's factual findings supporting the legal analysis were clearly erroneous. Alakozai v. Citizens Equity First Credit Union (In re Alakozai), 499 B.R. 698 (9th Cir. BAP 2013) (citing United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

**DISCUSSION**

**A.**

We begin by acknowledging the arguments made by Appellant in his briefs. Generally speaking, those arguments focus, not on whether the bankruptcy court erred by denying his request for an extension of time to appeal, but instead, on the merits of the allegations contained in his adversary complaint, as well as his contentions that the bankruptcy court erred in depriving him of a trial concerning those issues. Of course, the proper forum for exploration of those issues was in the SJ Appeal which, as noted above, was ultimately dismissed as untimely.

We decline to consider Appellant's arguments or to express any opinion concerning those issues. The only question that this Panel may properly address is whether the bankruptcy court erred

-5-

when it denied Appellant's request for an extension of time in order to file the SJ Appeal.

**B.**

To be timely, a notice of appeal must be filed within fourteen days of entry of the bankruptcy court's judgment or order. Rule 8002(a). "The timely filing of a notice of appeal is mandatory and jurisdictional." Key Bar Invs., Inc. v. Cahn (In re Cahn), 188 B.R. 627, 630 (9th Cir. BAP 1995) (citing Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 264 (1978) and Slimick v. Silva (In re Slimick), 928 F.2d 304, 306 (9th Cir.1990)). Hence, "[f]ailure to file [a notice of appeal] within the time limit divests the appellate court of jurisdiction." Preblich v. Battley, 181 F.3d 1048, 1056 (9th Cir. 1999).

A bankruptcy court may extend the time for filing the notice of appeal, provided the party requesting the extension files a motion to do so "before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Rule 8002(c)(2).[6]

---

[6] The full text of Rule 8002(c)(2) reads:

(c) Extension of Time for Appeal. . . . (2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal

continue...

-6-

In this case, the judgment Appellant sought to appeal was entered on February 22, 2013. As such, the deadline by which he needed to file a notice of appeal was March 8, 2013. Rule 8002(a). Having missed that deadline, Appellant timely sought an extension of time in which to file a notice of appeal. According to Rule 8002(c)(2), the bankruptcy court could grant Appellant an extension of the usual fourteen-day appeal time only if he demonstrated to the court that his delayed filing was the result of excusable neglect.

The term "excusable neglect" was definitively interpreted by the United States Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). In that case, a creditor failed to file a proof of claim before the court-ordered bar date in a chapter 11 bankruptcy case. When the late-filed claim was challenged, the Court held that "excusable neglect," as provided under Rule 9006(b)(1),[7] is not limited to situations where the delay in filing is caused by circumstances beyond the control of the party filing the claim. The Court looked to the dictionary definition of "neglect" and reasoned that:

---

[6]...continue
may be granted upon a showing of excusable neglect.

[7] Rule 9006 governs computing and extending time limits under the Bankruptcy Rules in general, and Rule 9006(b)(1) controls the bankruptcy court's general power to enlarge those limits, including where a party seeks an extension of a "specified period . . . where the failure to act was the result of excusable neglect." As discussed below, the Supreme Court's analysis of the meaning of the term "excusable neglect" in Pioneer is therefore applicable here.

-7-

> Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

Id. at 388. Moreover:

> Because Congress has provided no other guidelines for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.

Id. at 395.

The Ninth Circuit has applied the teachings of Pioneer to requests for extensions of time to file appeals. See Pincay v. Andrews, 389 F.3d 853, 858 (9th Cir. 2004). The Pincay court articulated the factors a trial court should consider in determining whether to grant or deny an extension of time to file an appeal: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. Pincay, 389 F.3d at 855; see also Pioneer, 507 U.S. at 395.

**C.**

In this case, in reviewing, but rejecting, Appellant's request for an extension of time to appeal, the bankruptcy court examined each of the relevant elements developed by the appellate courts, mindful that the determination was "at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission." Order at 1, April 3, 2013 (citing Pioneer, 507 U.S. at 395).

As to the potential for prejudice to the Debtor, the

-8-

bankruptcy court found, "Ms. Smith has been delayed for years in obtaining the fresh start she was otherwise entitled to under the Bankruptcy Code. The fact that this follows well over a decade of other litigation with Mr. Smith in the Family Court underscores that the resumption of litigation, that was concluded when Mr. Smith failed to timely appeal may have profoundly negative consequences." Order at 2. The bankruptcy court also noted that, during the pendency of the litigation, Appellant had expressed a willingness to settle his claims against Debtor for a token award of $1, and thus, "the prejudice to [Appellant] cannot be deemed more significant than the detriment to [Debtor] if he is willing to settle for a dollar." Order at 1. We agree with the bankruptcy court's conclusion that significant prejudice may result to the Debtor if an extension to appeal were granted to Appellant under these circumstances.

As to the length of Appellant's delay in seeking to appeal, the bankruptcy court found that factor was either neutral, or balanced slightly in favor of Appellant and granting an extension. Order at 2.

The bankruptcy court determined that Appellant's reason for delay in seeking to appeal, i.e., his attempt to obtain a token settlement, was not an appropriate basis for failing to file a timely appeal. The court reasoned, "[Appellant] knew at all times when the appeal period ended. [Appellant] is an experienced litigant who has litigated repeatedly in state and federal court. . . . There is not a shred of evidence that [Appellant] was unable to timely appeal; he simply chose not to." Order at 3. The court concluded that this factor "balances strongly

against extending the time limit." Id. We agree.

Finally, concerning Appellant's good faith, the bankruptcy court expressed reluctance to "put fuel on the fire" by a bad faith ruling. Again, we defer to the bankruptcy court's finding in this respect based on its long acquaintance with the parties and familiarity with this litigation.

The bankruptcy court concluded that, in its view, two of the four Pincay/Pioneer factors favored or strongly favored denying Appellant's motion, and that the other two factors were neutral. The court also observed that Appellant's pro se status would not change its analysis. Although he is not an attorney, Appellant has apparently engaged in litigation in both federal and state court for thirteen years and, in the bankruptcy court's words, "is an exceptionally experienced litigator . . . [and the] Court has absolutely no doubt based on its experience with this case, and its discussions at the last hearing that [Appellant] was capable of filing a timely appeal, but chose not to do so." Order at 3.

We are satisfied that the bankruptcy court applied the correct legal rule in analyzing Appellant's request for an extension of time to appeal. As noted, in a thoughtful decision, it identified and applied the Pioneer/Pincay factors in analyzing whether Appellant had shown his delay in filing the notice of appeal was the result of excusable neglect for purposes of Rule 8002(c). All of the bankruptcy court's factual findings were supported by the record; none were clearly erroneous. In addition, the bankruptcy court's reasons for its decision are well-founded based on the facts and circumstances in this case,

and its assessment of the weight to attribute to each of the applicable factors was reasonable. Applying the required deferential standard of review, we conclude that the bankruptcy court did not abuse its discretion in denying Appellant's motion for extension of time to file the appeal.

**CONCLUSION**

We AFFIRM the order of the bankruptcy court.