In re Lawrence H. CAHN, Debtor.

**KEY BAR INVESTMENTS,
INC., Appellant,**

v.

**Lawrence H. CAHN, Appellee.**

BAP No. SC–94–1622–OCAs.
Bankruptcy No. 93–02293–A7.
Adv. No. 93–90498–A7.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Sept. 20, 1995.

Decided Nov. 2, 1995.

**628**

Gregory S. Cilli, Kevin McLean, San Diego, CA, for Appellant.

Stephen K. Haynes, San Diego, CA, for Appellee.

Before OLLASON, CARLSON [1] and ASHLAND, Bankruptcy Judges.

**1.** Honorable Thomas E. Carlson, Chief Bankruptcy Judge for the Northern District of California, sitting by designation.

## OPINION

OLLASON, Bankruptcy Judge:

A creditor has appealed the bankruptcy court's order denying its motion to extend time to file a notice of appeal. It argues that a disposition designated as an "order" granting summary judgment was not a final, appealable order. It also argues that its failure to file a timely notice of appeal was due to excusable neglect, and that its excusable neglect can be based on the opposing party's failure to file a notice of entry of order pursuant to the local rules. **We Affirm.**

## STATEMENT OF FACTS

On December 9, 1993, the bankruptcy court heard a summary judgment motion filed by debtor Lawrence Cahn ("Cahn") seeking to dismiss a complaint for dischargeability of a debt asserted by Key Bar Investments, Inc. ("Key Bar").

On January 25, 1994, the bankruptcy court entered its order (1) granting the motion for summary judgment, (2) denying sanctions, and (3) dismissing the adversary proceeding. The order had been prepared by counsel for Cahn, and had been approved as to form by Key Bar.

A conformed copy of the order was received by Cahn's counsel on January 27, 1994. Cahn's counsel sent a copy of the conformed order to Key Bar the same day. Key Bar stated that it received the copy of the conformed order on Monday, January 31, 1994, four days before the deadline to file a notice of appeal—Friday, February 4, 1994.

Cahn did not file a notice of entry of judgment or order, which was required under the local rules. Therefore, a notice of entry of judgment or order was not sent to Key Bar.

Key Bar alleged that it was waiting for a "judgment" to be entered and to receive the notice of entry of judgment, so it did not file its notice of appeal by the deadline.

Instead, on February 15, 1994, after hearing from Cahn's counsel that he did not intend to lodge a proposed judgment in addition to the order already entered, Key Bar

filed a proposed judgment. On February 23, 1994, the bankruptcy court entered its order disapproving the proposed judgment. The judge wrote on the judgment: "Order unnecessary. Duplicates entered order."

Key Bar filed its notice of appeal on February 24, 1994, one day before the cut-off date for any extension period, pursuant to Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") 8002(c).[2] On the same day, Key Bar also filed a "notice of motion and motion to extend time to file notice of appeal."

In the motion, Key Bar alleged that a final judgment was not entered in the adversary proceeding, but if the court ruled that the order was a final, appealable order, Key Bar was entitled to file a late notice of appeal based on excusable neglect. Cahn filed an opposition to the motion to extend, arguing that Key Bar's failure to file a timely notice of appeal was due to bad faith and not excusable neglect. Following a hearing on the matter on April 7, 1994, the bankruptcy court denied the motion for "good cause" in its order entered on April 19, 1994. No separate findings of fact were filed, nor was a transcript of the hearing on this motion provided in the record on appeal.

Key Bar timely appealed the April 19, 1994 order on April 29, 1994.

## ISSUES

1. Whether the separate document rule requires that a "judgment" must be entered separately from an "order" granting summary judgment.

2. Whether the bankruptcy court abused its discretion by denying Key Bar's motion to extend time to file the notice of appeal on the grounds of excusable neglect.

## STANDARD OF REVIEW

■ The application of the Federal Rules of Bankruptcy Procedure, including whether an order is appealable, is a question of law which we review *de novo. See In re Hill,* 811 F.2d 484, 485 (9th Cir.1987); *In re Car-* *olina Triangle Ltd. Partnership,* 166 B.R. 411, 414 (9th Cir. BAP 1994).

■ The bankruptcy court's denial of a motion for extension of time to file an appeal is reviewed under an abuse of discretion standard. *Alaska Limestone Corp. v. Hodel,* 799 F.2d 1409, 1411–12 (9th Cir.1986); *In re Dahnken's of Santa Barbara, Inc.,* 11 B.R. 536, 538 (9th Cir. BAP 1981). The bankruptcy court's determination of the existence of excusable neglect is reviewed for an abuse of discretion. *See Reynolds v. Wagner,* 55 F.3d 1426, 1428–29 and n. 5 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 339, 133 L.Ed.2d 237 (1995); *In re Power Recovery Sys., Inc.,* 950 F.2d 798, 801 (1st Cir.1991).

## DISCUSSION

### 1. Final, appealable order

Key Bar contends that the bankruptcy court's January 25, 1994 "order" was not a final, appealable order because Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 58 (made applicable by Fed.R.Bankr.P. 9021) requires a separate "judgment" to be entered on the docket.

■ A disposition is a "final order" if it contains a "full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." *In re Slimick,* 928 F.2d 304, 307 (9th Cir.1990) (citing *United States v. F. & M. Schaefer Brewing Co.,* 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958)).

■ The purpose of the separate judgment requirement of Fed.R.Civ.P. 58 is to clarify when the time for an appeal begins to run. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384, 98 S.Ct. 1117, 1119–20, 55 L.Ed.2d 357, *reh'g denied,* 436 U.S. 915, 98 S.Ct. 2259, 56 L.Ed.2d 416 (1978). There was no ambiguity here that the order was a final order on the merits.

■ The separate document rule "requires entry of a document distinct from any opinion or memorandum." *Hollywood v. City of*

---

2. Fed.R.Bankr.P. 8002(c) limits the bankruptcy court's authority to grant extensions to 20 additional days after the expiration of the time for filing a notice of appeal (10 days). It also provides that the motion to extend must be made within those 20 additional days.

*Santa Maria,* 886 F.2d 1228, 1231 (9th Cir. 1989).

The Advisory Committee that drafted the requirement expressed particular concern about those occasions on which courts had issued opinions or memoranda containing "apparently directive or dispositive words"—such as "the plaintiff's motion for summary judgment is granted"—and then later signed formal judgments. In such circumstances, it was unclear whether the opinions or the later orders started the time running for appeals and post-judgment motions. See Fed.R.Civ.P. 58, Notes of Advisory Committee on Rules, 1963 Amendment.

*Fiore v. Washington County Community Mental Health Center,* 960 F.2d 229, 234 (1st Cir.1992).

■ Even a minute entry order can be a final, appealable order "if it fully adjudicates the issues and clearly evidences the court's intent that the order be the court's final act." *In re Sperna,* 173 B.R. 654, 657 (9th Cir. BAP 1994). The Ninth Circuit Court of Appeals discussed the finality of a minute entry order in *Ingram v. Acands, Inc.,* 977 F.2d 1332, 1337 (9th Cir.1992). That case involved Federal Rule of Appellate Procedure ("Fed. R.App.P.") 4(a)(4), the corresponding rule to subsection (b) of Fed.R.Bankr.P. 8002. The court concluded that to serve as a final entry of judgment "[a] minute order may constitute a dispositive order for notice of appeal purposes if it (1) states that it is an order; (2) is mailed to counsel; (3) is signed by the clerk who prepared it; and (4) is entered on the docket sheet." *Id.,* 977 F.2d at 1338–39. *But see In re Levine,* 162 B.R. 858 (9th Cir. BAP 1994) (where minute entry order, signed by the judge, directed counsel to lodge a form of order consistent with the ruling, the subsequently entered lodged order was the final, appealable order).

In this case, even if the court had entered a judgment subsequent to its order, the first order would have been final and appealable. *Slimick* involved two documents pronouncing the bankruptcy court's final order. The bankruptcy court first issued its order denying the trustee's objection to a claimed exemption. Three months later, it filed its

Findings of Fact and Conclusions of Law, and then it filed a "Judgment on Order." The Ninth Circuit Court of Appeals held that the first order constituted a complete act of adjudication that on its face evidenced the judge's intention that it be final. *Slimick,* 928 F.2d at 308. Therefore, it held that if, after filing a final disposition, a court files a more formal judgment, the latter does not constitute a second final disposition or extend the appeal period. *Id.,* 928 F.2d at 307.

■ In this case, it was evident that the order contained language disposing of the motions and dismissing the adversary proceeding. It was signed by both parties as to form, and by the bankruptcy judge. The order clearly granted summary judgment and dismissed the adversary proceeding. The order did not require counsel to lodge another form of order. The order was entered on the bankruptcy court docket. In addition, a conformed copy of the order was sent to Key Bar. Based on the foregoing facts and law, the January 25, 1994 order was final and appealable.

## 2. Excusable Neglect

■ The timely filing of a notice of appeal is mandatory and jurisdictional. *Browder v. Director, Dep't of Corrections of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 *reh'g denied,* 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978); *Slimick,* 928 F.2d at 306.

Fed.R.Bankr.P. 8002 governs timeliness of appeals. Rule 8002(a) provides that a notice of appeal shall be filed with the clerk within 10 days of the date of the "entry of the judgment, order, or decree appealed from."

Rule 8002 is not rigid. *In re Nucorp Energy, Inc.,* 812 F.2d 582, 584 (9th Cir. 1987). Nevertheless, we "strictly enforce its time provisions." *In re Delaney,* 29 F.3d 516, 518 (9th Cir.1994) (quoting *Slimick,* 928 F.2d at 306); *Nucorp,* 812 F.2d at 584.

Subsection (c) provides for an extension of the time to file the notice of appeal "not to exceed 20 days from the expiration" of the ten-day period. The rule further provides, in pertinent part:

A request to extend the time for filing a notice of appeal must be made before the

time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal *may be granted upon a showing of excusable neglect....*

Fed.R.Bankr.P. 8002(c) (emphasis added).

■ Since Key Bar filed the motion to extend on the 19th day of the 20–day period, above, if it could show that its failure to file a timely notice of appeal was due to excusable neglect, then the bankruptcy court had discretion to grant the motion to extend.[3] The burden of showing circumstances which would constitute excusable neglect is on the moving party. *In re Magouirk,* 16 B.R. 883, 884 (9th Cir. BAP 1982), *rev'd on other grounds,* 693 F.2d 948 (9th Cir.1982).

Key Bar has argued on appeal, and also to the bankruptcy court below, that the standard for excusable neglect is that set forth by the United States Supreme Court in *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In that case, the debtors filed a motion to extend the bar date for proofs of claim because their attorney was "experiencing 'a major and significant disruption' in his professional life caused by his withdrawal from his former law firm" and he did not have access to the client file. *Id.* at ——, 113 S.Ct. at 1492–93. In affirming the lower court's determination that excusable neglect existed, the Supreme Court gave little weight to the fact that counsel was experiencing upheaval in his law practice, but considered as significant the fact that the notice of the bar date provided by the bankruptcy court was ambiguous. *Id.* at —— ——, 113 S.Ct. at 1499–1500.

In its discussion concerning the meaning of "excusable neglect," the Supreme Court liberalized the meaning of that phrase, holding that excusable neglect can, where appropriate, include negligence or situations where a late filing was caused "by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at ——, 113 S.Ct. at 1495.

To determine whether the neglect was "excusable," *Pioneer* provided that the test "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at ——, 113 S.Ct. at 1498. These circumstances include "(1) the danger of prejudice to the debtor [or to the nonmoving party]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.*[4] Thus, the Court basically applied the same factors utilized by the Ninth Circuit. *See In re Dix,* 95 B.R. 134, 138 (9th Cir. BAP 1988) (in turn quoting *In re Magouirk,* 693 F.2d 948, 951 (9th Cir. 1982)).

*Pioneer* concerned a late-filed proof of claim, pursuant to Fed.R.Bankr.P. 9006. Importantly, the Court held that the "commonly accepted meaning" of excusable neglect was intended to be applied throughout the bankruptcy rules as well as the Federal Rules of Civil Procedure, after which Rule 9006 was patterned. *Id.* at ——, —— ——, 113 S.Ct. at 1496, 1497–98 (using the relaxed standard of excusable neglect in Fed.R.Civ.P. 60(b) as a reason for determining the standard for excusable neglect in the bankruptcy rules).

■ The Ninth Circuit Court of Appeals has recently applied the *Pioneer* holding to a case involving an extension of time to file a notice of appeal under Rule 4(a)(5) of

---

**3.** The facts of this case would not support application of the doctrine of unique circumstances. Unique circumstances will excuse an untimely notice of appeal only if the court explicitly extended the deadline for appeal and if a judicial officer has specifically assured appellant that the appeal would be timely. *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989). A "judicial officer" means a judge, not an employee in the clerk's office. *U.S. v. Heller,* 957 F.2d 26, 29 (1st Cir.

1992); *In re Slimick,* 928 F.2d 304, 309 (9th Cir.1990).

**4.** The Court stated that as to the fifth factor— "whether clients should be penalized for their counsel's mistake or neglect"—the focus should be "upon whether the neglect of respondents *and their counsel* was excusable" since clients are to be held accountable for the acts and omissions of their attorneys. *Id.* at ——, 113 S.Ct. at 1499.

the Federal Rules of Appellate Procedure.[5] *Reynolds*, 55 F.3d at 1429. Bankruptcy rules are generally construed in the same manner as the Federal Rules of Appellate Procedure. *See In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir.1994). In this case, it is apparent that the parties presented evidence and argument before the bankruptcy court pursuant to the *Pioneer* factors. Therefore, we will apply the *Pioneer* excusable neglect standard to the motion to extend time to file the notice of appeal under Fed.R.Bankr.P. 8002(c). *Accord: In re Christopher*, 35 F.3d 232, 236 (5th Cir. 1994).

■ Key Bar contends that its failure to file the notice of appeal timely was due to excusable neglect. First, it states that it did not receive a notice of entry of judgment or order.[6]

Local Bankruptcy Rule for the Southern District of California 7054–2(b) provides that "the party shall submit to the clerk, in addition to any ... order or judgment ... the original and one copy of Local Form CSD 330, NOTICE OF ENTRY OF ORDER/JUDGMENT...." as well as "pre-addressed and postage-paid envelopes for each of the parties to receive the notice of entry."

Cahn did not file this form; however, it did send Key Bar a conformed copy of the order. Under the circumstances, the failure to comply with the local rule was harmless error. *See* Fed.R.Bankr.P. 9005/Fed.R.Civ.P. 61. In addition, nonprejudicial noncompliance with local rules "is not of itself sufficient reason to reverse." *In re Telemart Enterprises, Inc.*, 524 F.2d 761, 766 (9th Cir.1975), *cert. denied*, 424 U.S. 969, 96 S.Ct. 1466, 47 L.Ed.2d 736 (1976).

■ It is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets. *In re Sweet Transfer & Storage, Inc.*, 896 F.2d 1189, 1193 (9th Cir.1990); *Alaska Limestone*, 799 F.2d at 1412; *In re Stagecoach Utilities, Inc.*, 86 B.R. 229, 230 (9th Cir. BAP 1988). Therefore, the failure of a court clerk to give notice of entry of an order is not a ground, by itself, to warrant finding an otherwise untimely appeal timely. *See* Fed.R.Bankr.P. 9022 ("[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002").[7]

Key Bar contends that this was not simply a case of failure to monitor the dockets, but that its untimely appeal constituted excusable neglect because it was misled by Cahn's failure to lodge a separate judgment. We have previously held that there was no rule requiring that a "judgment" separate from the "order" be entered. "[I]gnorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer*, —— U.S. at ——, 113 S.Ct. at 1496.

The facts in this case show that the January 25, 1994 order plainly stated that summary judgment was granted to Cahn and that the adversary proceeding was dismissed. The order did not require counsel to lodge another form of order or judgment. Key Bar received a conformed copy of the order on January 31, 1994, four days before the deadline for filing the notice of appeal. Key Bar did nothing until February 18, 1994, when it lodged its own form of judgment, which the bankruptcy court denied as duplicative, on February 23, 1994. Then, on February 24, 1994, Key Bar filed a motion for extension and notice of appeal; that was the

---

**5.** Fed.R.App.P. 4(a)(5) provides that "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)."

**6.** Although any oral findings of fact made by the bankruptcy court are not before the Panel, as appellant has not provided a transcript of the hearing, the undisputed procedural facts are dispositive.

**7.** Unlike the bankruptcy rules, the Federal Rules of Appellate Procedure has a provision that if the court "finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of the order reopening the time for appeal." Fed.R.App.P. 4(a)(6).

19th day of the 20–day allowable extension period.

Key Bar's inaction delayed the bankruptcy proceedings without legal reason or good cause. Therefore, we conclude that the bankruptcy court did not abuse its discretion by denying Key Bar's motion to extend time to file its notice of appeal on the grounds of excusable neglect.

## CONCLUSION

The bankruptcy court's order of January 25, 1994 was a final, appealable order.

Key Bar's notice of appeal, filed on February 24, 1994, was untimely. Because Key Bar moved for an extension of time in which to file the notice of appeal within 20 days after the original ten-day filing period, the bankruptcy court had discretion to grant the motion if Key Bar's failure to file timely was due to excusable neglect. The evidence shows that: Key Bar's reasons for waiting to file the notice of appeal were based on unfounded legal conclusions; Key Bar could have filed a timely notice of appeal but did not; and Key Bar's inaction or alternate action caused unnecessary delay and inconvenience to the court and Cahn. The bankruptcy court did not abuse its discretion by finding no good cause to grant the motion based on the evidence before it. The order is **Affirmed.**