122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re PIPCO FRUIT COMPANY, a California general partnership, Debtor.
Angela PAUL; Stephen Paul; Ron Paul, Sr.; Ron Paul, Jr., Appellants,
v.
A. LEVY AND J. ZENTNER CO., a California corporation, Appellee.
 No. 96-16346.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Filed August 27, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, Oliver W. Wanger, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ron Paul, Sr., Angela Paul, Ron Paul, Jr., Brian Paul, and Stephen Paul ("Pauls"), general partners of Chapter 11 debtor, Pipco Fruit Company ("Pipco"), appeal the district court's decision affirming the bankruptcy court's denial of their motion for an extension of time to file a notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.[1]
 
 
 3
 The Pauls concede that they failed to file their notice of appeal within ten days as required by Fed.R.Bankr.P. 8002. They contend, however, that there was excusable neglect because their attorney's secretary erred in calendaring the due date for filing the notice of appeal. We disagree.
 
 
 4
 The bankruptcy court's decision to deny an extension of time to file a notice of appeal is reviewed for abuse of discretion. See Marx v. Loral Corp., 87 F.3d 1049, 1054 (9th Cir.1996) (affirming order granting extension to file second notice of appeal); see also Key Bar Investments, Inc. v. Cahn (In re Cahn), 188 B.R. 627, 628 (B.A.P. 9th Cir.1995) (affirming denial of motion for extension to file appeal even though plaintiff did not receive notice of entry of judgment or order). Under this standard, we cannot reverse unless we have a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. See Marx, 87 F.3d at 1054.
 
 
 5
 A "notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order, or decree appealed from." Fed.R.Bankr.P. 8002(a). During the 20 days following the 10-day appeal period, a party may request an extension of time for filing a notice of appeal upon a showing of excusable neglect. See Fed.R.Bankr.P. 8002(c).
 
 
 6
 The Supreme Court has set out the standard to determine whether excusable neglect exists in the context of a bankruptcy rule. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 113 S.Ct. 1489, 1498 (1993). The determination is an equitable one, depending upon all the relevant circumstances, including: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." See id. at 1498. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. at 1496 (footnote omitted).
 
 
 7
 Twenty-two days after entry of judgment, the Pauls filed a notice of appeal and a motion for an extension of time to file a notice of appeal. We reject the Pauls' contention that excusable neglect justified their late filing because their counsel's secretary did not know the time limit for filing an appeal of a bankruptcy court order, which resulted in the miscalendaring of the deadline. See Kyle v. Campbell Soup Co., 28 F.3d 928, 931-32 (9th Cir.1994) (applying Pioneer to hold that lawyer's miscalculation of time in which notice of appeal must be filed did not constitute excusable neglect); see also In re Cahn, 188 B.R. at 632-33 (affirming finding that neglect was not excusable where plaintiff did not receive notice of entry of judgment or order and was misled by defendant's failure to lodge separate judgment); cf. Marx, 87 F.3d at 1054 (affirming finding of excusable neglect where plaintiffs' notice of appeal was one day late due to difficulties encountered in scheduling class meeting). The district court did not abuse its discretion in concluding that, based on its analysis of the factors set out in Pioneer, there was no excusable neglect. See id. at 1053.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The underlying lawsuit alleged that A. Levy and J. Zentner Co. fraudulently or negligently handled the sale of the Pauls' tree fruit, forcing Pipco to file for bankruptcy. The bankruptcy court dismissed the complaint on the ground that it was barred by the res judicata effect of Pipco's confirmed Chapter 11 plan