In re Ingrid–Joy **WARRICK**, Debtor.

Ingrid–Joy Warrick, Appellant,

v.

David A. Birdsell, Chapter 7 Trustee; Union Bank of Arizona, Appellees.

BAP No. AZ–01–1419–BKP.
Bankruptcy No. 00–02877–PHX–SSC.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 22, 2002.

Filed May 6, 2002.

Ingrid–Joy Warrick, Scottsdale, AZ, Pro se Appellant.

Carlos M. Arboleda, Arboleda Brechner, Phoenix, AZ, for Union Bank of Arizona.

1. Absent contrary indication, all section and chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "FRAP" references are to the Federal Rules of Appellate Procedure.

Before: BRANDT, PERRIS, and KLEIN, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

Debtor appeals the bankruptcy court's order denying her motion to extend the time to appeal due to excusable neglect pursuant to Rule 8002(c).[1] We AFFIRM.

## I. FACTS

Debtor Ingrid–Joy Warrick filed for chapter 7 relief on 22 March 2000. She received a discharge on 25 July 2000, and the case was closed. Thereafter, the chapter 7 trustee obtained an order reopening the case and reappointing him to administer newly-discovered assets. He then moved for an order approving a settlement with Union Bank of Arizona ("the Bank") with respect to those assets. Warrick objected to the settlement, and the court held a hearing on 23 April 2001. The bankruptcy judge did not rule at the hearing, but told the parties "you'll get the court's decision." Transcript, 23 April 2001, page 23, lines 23–24.

The clerk docketed a minute entry on 25 April 2001, indicating the court had approved the settlement. The minute entry, which was served[2] on Warrick, directed the trustee's counsel to submit an order. On 4 May 2001 Warrick filed an objection to the form of the trustee's proposed order. The court overruled Warrick's objections and entered the order ("Settlement Order") on 10 July 2001.

2. The minute entry was mailed to Warrick's Scottsdale address, rather than the Phoenix address to which other court documents had been mailed.

On 26 July 2001, six days after the expiration of the appeal period under Rule 8002(a), Warrick moved for an extension of time to file a notice of appeal. She concurrently filed a notice of appeal; our clerk dismissed that appeal (AZ–01–1367) as untimely, but without prejudice to reopening in the event we reverse in this one. Warrick argued that she did not receive a copy of the signed Settlement Order from the clerk pursuant to Rule 9022; she further contended that she had made reasonable efforts to ascertain the status of the case by physically checking the docket through 3 July 2001, and that she had given counsel for the Bank notice that she would be out of town thereafter. The trustee and the Bank objected to the motion for extension. In support of her motion, Warrick submitted with her reply the affidavit of Mark Clyne, who works with Warrick, indicating that he opened her mail from 3 July 2001—19 July 2001 and that the Settlement Order was not delivered during that time. Neither Warrick nor her opponents submitted any other evidence in connection with the motion.

The bankruptcy court denied Warrick's motion by order entered 14 August 2001. Warrick timely appealed. The trustee neither briefed nor argued this appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. § 1334 and § 157(b)(1), (b)(2)(A), and (b)(2)(O), and we do under 28 U.S.C. § 158(c).

## III. ISSUES

A.   Whether this appeal is moot.

B.   Whether the bankruptcy court abused its discretion in denying Warrick's motion for an extension of time to file her notice of appeal.

## IV. STANDARD OF REVIEW

We review a bankruptcy court's denial of a motion for an extension of time to file a notice of appeal for abuse of discretion. *Nugent v. Betacom of Phoenix, Inc. (In re Betacom of Phoenix, Inc.)*, 250 B.R. 376, 379 (9th Cir. BAP 2000). A bankruptcy court necessarily abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Before reversal is proper under the abuse of discretion standard, we must be definitely and firmly convinced that the bankruptcy court committed a clear error of judgment. *AT & T Universal Card Servs. v. Black (In re Black)*, 222 B.R. 896, 899 (9th Cir. BAP 1998).

We may affirm on any basis supported by the record. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998).

## V. DISCUSSION

### A. *Mootness.*

The Bank argues that the appeal is moot because Warrick did not seek a stay pending appeal and the Bank, the Trustee, and third parties have incurred "substantial financial commitments that may be impossible to unwind." Specifically, the Bank asserts that it has credited receivables on account of the Settlement Order that may no longer be collectible.

The Bank neither made a separate motion with evidentiary support, Rule 8011, nor cites any in the excerpts of record provided us, Rule 8010. We need only consider the record provided. *Kritt v. Kritt (In re Kritt)*, 190 B.R. 382, 386–87 (9th Cir. BAP 1995). Even if we take judicial notice of the bankruptcy court's docket, as we may, *see O'Rourke v. Sea-*

*board Surety Co. (In re E.R. Fegert, Inc.),* 887 F.2d 955, 957–58 (9th Cir.1989), we can discern no more than that the settlement was approved. The Bank's assertions are merely that, and provide no basis on which to predicate a determination of mootness.

### B. *Merits*

■ A notice of appeal must be filed within ten days of entry of the order appealed from. Rule 8002(a). "The timely filing of a notice of appeal is mandatory and jurisdictional." *Key Bar Invs., Inc. v. Cahn (In re Cahn),* 188 B.R. 627, 630 (9th Cir. BAP 1995) (citing *Browder v. Dir., Dep't of Corr. of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) and *Slimick v. Silva (In re Slimick),* 928 F.2d 304, 306 (9th Cir.1990)). A bankruptcy · court may extend the time for filing the notice of appeal, so long as the party requesting the extension files a written motion

> before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

Rule 8002(c)(2).

■ The bankruptcy court denied Warrick's motion for an extension because lack of notice of entry of an order is not a basis for finding an otherwise untimely appeal to be timely, relying on *Delaney v. Alexander (In re Delaney),* 29 F.3d 516, 518 (9th Cir.1994) (per curiam). *Delaney* was not an excusable neglect case under Rule 8002(c). *See id.* at 517 n. 1. Rather, the question was whether the district court erred in dismissing as untimely the appellant's appeal of a bankruptcy court order.

No one cited *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), to the bankruptcy court, but on appeal the parties agree that its standards apply, as do we. In *Pioneer,* the Supreme Court observed that ignorance of the rules does not usually constitute excusable neglect, *id.* at 392, 113 S.Ct. 1489, but did not foreclose that possibility, concluding that the determination is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S.Ct. 1489. Factors to be considered include, but are not limited to, the danger of prejudice to the adverse party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

The Supreme Court articulated the *Pioneer* standard in the context of Rule 9006(b)(1). 507 U.S. at 395, 113 S.Ct. 1489. The Ninth Circuit has applied that standard in interpreting FRAP 4(a)(5)(A),[3] which authorizes district courts to grant extensions of time to file a notice of appeal where a party has shown excusable neglect, *see Marx v. Loral Corp.,* 87 F.3d 1049, 1054 (9th Cir.1996), and has traditionally interpreted Rule 8002 according to the same standards it applies to FRAP 4(a). *See Arrowhead Estates Dev. Co. v. United States Trustee (In re Arrowhead Estates Dev. Co.),* 42 F.3d 1306, 1311 (9th Cir.1994) (as amended). Accordingly, we use the *Pioneer* analysis in construing "excusable neglect" in Rule 8002(c). *Cahn,* 188 B.R. at 631–32.

---

**3.** FRAP 4(a)(5)(A) provides, in relevant part:

> (5) Motion for Extension of Time.
> (A) The district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

There are no published Ninth Circuit Court of Appeals decisions applying *Pioneer* in the context of Rule 8002. In *Marx*, applying *Pioneer* in interpreting FRAP 4(a)(5), the Ninth Circuit affirmed the district court's extension of time to file a notice of appeal where counsel filed the appeal one day late because he had miscalculated the appeal period, and there was evidence he had experienced difficulties in scheduling a meeting with his clients. The trial court found no prejudice to the adverse parties or to judicial administration, or bad faith. Although it observed that the ruling had been "considerably lenient," the Circuit concluded that the district court's analysis of the *Pioneer* factors was not a clear error of judgment. 87 F.3d at 1054.

More recently, in *Bateman v. United States Postal Service*, 231 F.3d 1220, 1224 (9th Cir.2000), plaintiff's counsel missed the deadline for responding to defendant's motion for summary judgment because he was out of the country due to a family emergency, and the district court entered summary judgment against plaintiff. That court then denied plaintiff's motion for relief under FRCP 60(b)(1) because counsel knew about the motion before he left the country, he did not object to the hearing date or tell the court he would be unable to file opposition papers, and he did not explain why he failed to contact the court between his return and the entry of the order granting summary judgment several days later. The Ninth Circuit reversed, holding that the district court had abused its discretion in failing to consider all of the *Pioneer* factors. Rather than remanding, the circuit court (over a dissent) applied the relevant factors and found minimal prejudice to the adverse party, minimal delay, and minimal impact on the administration of the estate. While conceding that the reason for the delay was weak, the court found that un-

der all the circumstances, the equities weighed in favor of plaintiff. 231 F.3d at 1224–25.

The *Bateman* result contrasts with *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir.1994), wherein the Circuit reversed an order enlarging the time to file a post-trial motion for attorney's fees where the moving attorney had mistakenly added three days to the 30–day time limit for such motions. Despite the district court's findings of good faith and no prejudice to the adverse party, the Circuit held that counsel's mistake in interpreting and applying unambiguous rules was not excusable neglect. 28 F.3d at 931. Similarly, in *Cahn*, 188 B.R. at 632–33, we applied the *Pioneer* excusable neglect standard and affirmed the bankruptcy court's denial of a motion for an extension of time under Rule 8002 where the moving party had not received notice of entry of the judgment.

Although *Bateman* appears to teach that *Pioneer's* full equitable analysis is required every time out, the Circuit implicitly qualified that approach in *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884 (9th Cir.2001). There the Circuit, in a 2–1 decision, upheld the district court's ruling that an attorney's failure to read and understand FRCP 81(c) (setting the deadline for filing an answer in a removed case), was not excusable neglect so as to justify the setting aside of a default judgment. Although the district court had not engaged in the full *Pioneer* analysis, 271 F.3d at 889–90 (Ferguson, J., dissenting), the majority excused this omission, and did not apply the *Pioneer* analysis itself. The court noted that counsel had not presented a persuasive justification for misconstruing a nonambiguous rule, thus there was no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect. *Id.* at 886 (citing *Kyle*, 28 F.3d at 931–32). The majority distin-

guished *Bateman* and *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 382 (9th Cir.1997) (per curiam) (vacating district court's denial of FRCP 60(b) motion and remanding for application of *Pioneer* analysis where movant's failure to respond to dismissal motion may have been caused by communication problem with his assistants), by observing that those cases involved more than a mere failure to read and attempt to follow court rules. *See Speiser, Krause,* 271 F.3d at 887 n. 3.

Were we to conclude that *Bateman* controls here, we would reverse, as the bankruptcy court did not conduct the full *Pioneer* analysis, and there is no evidence of prejudice or impact on judicial proceedings caused by Warrick's six-day delay in filing her notice of appeal.[4] Nor is there evidence of bad faith.

■ However, this case resembles *Speiser, Krause, Kyle,* and *Cahn* more than *Bateman.* Warrick's failure to timely file her notice of appeal was due solely to her failure to follow unambiguous rules. Warrick argues that she relied on the court's representation at the 23 April hearing that "you'll get the court's decision" and upon Rule 9022, which provides that "[i]mmediately on the entry of a judgment or order the clerk shall serve a notice of the entry in the manner provided in Rule 5(b) F.R. Civ. P. on the contesting parties and on other entities as the court directs." However, that rule further states "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permit-

ted in Rule 8002." As we observed in *Cahn,*

It is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets. Therefore, the failure of a court clerk to give notice of entry of an order is not a ground, by itself, to warrant finding an otherwise untimely appeal timely.

188 B.R. at 632 (citing *Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.),* 896 F.2d 1189, 1193 (9th Cir.1990); additional citations omitted). Notwithstanding Warrick's argument that she relied on the judge's comments and Rule 9022, she asserts that she periodically checked the court docket, which evinces her awareness of a duty to do so.

And, as noted above, the docket discloses the 25 April 2001 minute order indicating the granting of the motion; from that point on she could properly have filed a notice of appeal, Rule 8002, which would have been timely.

■ Finally, Warrick's status as a pro se litigant does not excuse her failure to understand and follow court rules, *Briones,* 116 F.3d at 382, particularly in light of the fact that she holds a law degree and runs a paralegal firm.

## VI. CONCLUSION

Under *Pioneer* and *Speiser, Krause* Warrick's failure to follow unambiguous rules was not excusable neglect, and the bankruptcy court did not abuse its discre-

---

4. We note that the record is nearly devoid of evidence: there is only one affidavit in the record, attesting to the fact that Warrick did not receive a copy of the 6 July order at her office between 3 July and 19 July 2001. There is no other evidence on the record, only argument. Nor is there any objection from any party to the lack of evidentiary support for the other side. But Warrick's motion recounts what she herself did, and, had it been sworn, would be unobjectionable evidence in support of her argument for excusable neglect. Further, under Rule 9011(b), a party filing a pleading with the court represents that, among other things, its factual contentions have evidentiary support.

tion in denying her motion to extend the time for appeal. We AFFIRM.

KLEIN, Bankruptcy Judge, Dissenting.

While I have no particular quarrel with the majority's analysis of whether this situation is closer to *Bateman* or *Speiser, Krause,* I come to the opposite conclusion primarily because there is an extra dimension to "excusable neglect" analysis in bankruptcy appeals that warrants caution when applying "excusable neglect" analysis from other contexts.

I would vacate and remand with instructions for the bankruptcy court to apply the *Pioneer* excusable neglect analysis through the prism of the differences between Federal Rule of Appellate Procedure 4(a) and Federal Rule of Bankruptcy Procedure 8002.

When those two rules are compared, it becomes apparent that the time for filing an appeal—10 calendar days, subject to a 20–day extension for excusable neglect—is an inflexible trap for the unwary that, in the interests of justice, warrants a generous construction of excusable neglect.

Under Appellate Rule 4(a)(1), a litigant in district court has 30 days in which to file a notice of appeal. Under Bankruptcy Rule 8002(a), a bankruptcy litigant has 10 days. Moreover, 10 days in bankruptcy means 10 calendar days. Fed. R. Bankr.P. 9006(a).

In contrast, in general federal practice in the district courts, 10 days means 10 non-holiday weekdays, which is never less than 14 calendar days. Fed.R.Civ.P. 6(a); Fed.R.Crim.P. 45(a).

Under Appellate Rule 4(a)(5), the initial 30 days may be extended an additional 30 days in a motion made after expiration of the deadline upon a showing of either "excusable neglect" or "good cause." Fed. R.App. P. 5(A); *accord,* Fed. R.App. P. 4(b)(4) (criminal appeals).

In contrast, under Bankruptcy Rule 8002(c)(2), the initial 10 days can be extended for 20 days in a motion made after expiration of the deadline only upon a showing of "excusable neglect"; "good cause" will not suffice. Fed. R. Bankr.P. 8002(c)(2).

Moreover, although not relevant to this appeal, six categories of bankruptcy appeals are ineligible for any extension. Fed. R. Bankr.P. 8002(c)(1).

Under Appellate Rule 4(a)(6), a party that did not receive notice of entry of the judgment is permitted an additional 14 days in which to file a notice of appeal within 180 days after entry of judgment so long as no party would be prejudiced. Fed. R.App. P. 4(a)(6). There is no bankruptcy analog.

It is difficult to justify many of these differences between the Bankruptcy Rules and the Civil and Criminal Rules for the garden-variety appeal. In view of the long time it generally takes to resolve bankruptcy appeals, these differences expose the Bankruptcy Rules to the criticism that they serve primarily as a barrier to entry to keep otherwise competent federal litigators out of the bankruptcy courts.

If I were writing the rules, I would not exclude "good cause" as a basis (in addition to "excusable neglect") for extension of time because I cannot differentiate between the garden-variety bankruptcy appeal and the garden-variety district court appeal.

Since we must apply the existing rules as written, the only hope of promoting just results lies in the recognition that what constitutes "excusable neglect" is relative and contextual. The several divided decisions of the Ninth Circuit going different directions that are cited by the majority,

as well as the 5–4 Supreme Court decision in *Pioneer*, bespeak the need for the exercise of sound judgment.

For those who analogize judges to baseball umpires, I submit that the differences between the Appellate and Bankruptcy Rules require the bankruptcy judge to use a bigger strike zone for Bankruptcy Rule 8002(c) "excusable neglect" than the district judge, who also has the latitude of "good cause," needs for Appellate Rule 4(a)(5)(A)(ii) [or 4(b)(4) ] "excusable neglect."

Under the facts of this appeal, the notice of entry of judgment was sent to appellant at a different address than all of the other notices that had been sent to her. The appellant had filed her objection to the form of the trustee's order on May 4, 2001, yet the bankruptcy judge inexplicably did not act on the disputed form of the order until July 10, 2001. The bank's assertion of prejudice—that the passage of time has made some receivables more difficult to collect—is vulnerable to the counter-argument that the bank knew of the pendency of this appeal from the outset, at a time that it could have better protected its interest with respect to the receivables. The case trustee has not even participated in this appeal.

These factors are enough to be in the vicinity of the Bankruptcy Rule 8002(c) "excusable neglect" strike zone, warranting a closer look by the bankruptcy judge. Accordingly, I DISSENT.