MEMORANDUM **
Mira Mesa Shopping Center (“Mira Mesa”) appeals the district court’s affirmance of the bankruptcy court’s denial of its motion to allow a late filed proof of claim, or, in the alternative, to allow the amendment of an informal proof of claim. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
I
We review for an abuse of discretion the bankruptcy court’s determinations (1) whether excusable neglect exists, and (2) whether to allow a late filed proof of claim. Fed. R. Bankr.Pro. 9006(b)(1); In re Cahn, 188 B.R. 627, 629 (9th Cir. BAP1995). The determination of excusable neglect is an equitable consideration, “taking account of all relevant circumstances surrounding the party’s omission.” Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P’ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Courts must consider four factors: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id.
While we conclude that the first, second and fourth factors should not have been weighed against Mira Mesa, we do not believe, given that the late filed proof of claim was clearly caused by neglect, that the bankruptcy court abused its discretion in finding that the third factor, the reason for the delay, weighed against granting Mira Mesa’s requested relief.
Mira Mesa, as the party seeking relief shouldered the burden of proving that its delay was the result of neglect that was excusable. Cahn, 188 B.R. at 631; Jones v. Chemetron Corp., 212 F.3d 199, 205 (3d Cir.2000). Yet Mira Mesa failed to present any detailed evidence adequately explaining the reason for its delay. The Thorn Declaration offered in support of its motion, which does little more than present a process that did not work, failed to provide the bankruptcy court with specific information needed to determine whether Mira Mesa’s delay resulted from excusable neglect. Moreover, the bankruptcy court found that the explanation of the reason for delay was so lacking in specificity that it could not be considered credible. A trial court’s credibility determinations are entitled to deference. Anderson v. City of Bessemer, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).
Accordingly, even though the bankruptcy court should not have weighed the other *952 factors against Mira Mesa, they are significantly outweighed in this case by Mira Mesa’s utter failure to offer specific evidence supporting its claim that there was an excusable reason for the delay. See Hospital del Maestro v. N.L.R.B., 263 F.3d 173, 175 (1st Cir.2001) (“[T]he excuse given for the late filing must have the greatest import.”); Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir.2000) (same).
II
Whether a letter from a creditor to the debtor constitutes an informal proof of claim is a question of law subject to de novo review. In re Anderson-Walker Indus. Inc., 798 F.2d 1285, 1287 (9th Cir. 1986). “For a document to constitute an informal proof of claim, it must [1] state an explicit demand showing the nature and amount of the claim against the estate, and [2] evidence an intent to hold the debtor hable.” Id. The bankruptcy court did not err in concluding that the September 19th letter was not an informal proof of claim because the letter does not evidence any intent to hold Debtors liable for the rejected lease beyond confiscation of the Fixtures, Furniture and Equipment. Indeed, the letter calls into doubt the very existence of a larger claim by noting that Mira Mesa was in contact with a party who was “ready, willing and able” to lease the premises “in mitigation of the debtor’s obligations under the defaulted/rejected lease.”
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.