FILED

DEC 19 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re | ) | BAP No. CC-12-1186-HaMkH |
| | ) | |
| MAURA SANTANA and | ) | Bk. No. 10-14139-WB |
| TEODORO SANTANA, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| ESPERANZA VENTUS BADA; | ) | |
| LAW OFFICES OF ESPERANZA V. BADA, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| NANCY K. CURRY, Chapter 13 Trustee; | ) | |
| TEODORO SANTANA; MAURA SANTANA, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Submitted Without Oral Argument
on September 21, 2012

Filed - December 19, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Julia W. Brand, Bankruptcy Judge, Presiding

Before: HAMMOND[2], HOLLOWELL and MARKELL Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] Hon. M. Elaine Hammond, Bankruptcy Judge for the Northern District of California, sitting by designation.

1

**INTRODUCTION**

This appeal arises from the bankruptcy court's order requiring debtors' former attorney, Esperanza V. Bada ("Bada"), to provide an accounting of fees received by her and/or the Law Offices of Esperanza V. Bada ("Law Firm") for debtors' current chapter 13[3] case and their prior chapter 13 case and to disgorge such fees. For the reasons explained below, we DISMISS the appeal for lack of jurisdiction.

**FACTS**

Teodoro Santana and Maura Santana ("Debtors") filed a chapter 13, case no. 09-38411 ("First Chapter 13 Case") on October 16, 2009, through their attorney Bada. According to the Disclosure of Compensation Bada received $4,000 from debtors for services to be rendered in connection with the First Chapter 13 Case. On January 13, 2010, the case was dismissed.

On February 5, 2010, Debtors filed another chapter 13 case, case no. 10-14139 ("Second Chapter 13 Case"). The Disclosure of Compensation indicates that Debtors' attorney, Ronald R. Carlson of Law Offices of Esperanza Bada, ("Carlson") agreed to receive $0.00 as compensation for services rendered in connection with the Second Chapter 13 Case. On June 16, 2010, a new attorney was substituted

---

[3] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

for Carlson as Debtor's counsel.

On June 25, 2010, Appellee Nancy Curry, chapter 13 trustee, ("Trustee") filed a motion for an order requiring Carlson to provide an accounting of attorney fees received and to disgorge such fees ("Carlson Disgorgement Motion"). In support of the motion the Trustee filed the declaration of debtor Maura Santana who stated that neither Bada nor Carlson advised Debtors regarding their chapter 13 cases or answered Debtors' questions. Debtors never learned why their First Chapter 13 Case was dismissed. The Carlson Disgorgement Motion was served upon Carlson at Law Firm on June 25, 2010.

Debtors' Second Chapter 13 Case was dismissed on August 5, 2010. However, the court retained jurisdiction "on all issues arising under Bankruptcy Code Sections 110, 329 and 362." Order and Notice of Dismissal (Aug. 5, 2010) at p.1.[4]

Carlson did not respond to the Carlson Disgorgement Motion. At the July 21, 2010 hearing, the court ordered Carlson to provide a detailed accounting of all fees received in both chapter 13 cases

---

[4] In order to fully understand the facts underlying this appeal, we have taken judicial notice of documents filed with the bankruptcy court on its electronic docket. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1988); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

A further review of the bankruptcy docket shows that the Second Chapter 13 Case was closed on March 2, 2011. With an order entered November 28, 2011, the closing order was set aside due to clerical error and the case reopened "for further administration of the motion for an Order to Show Cause filed on 6-27-11."

3

and to disgorge such fees by August 31, 2010 ("Carlson Disgorgement Order").

On June 27, 2011, the Trustee filed a motion for an order to show cause why Debtors' former attorneys Carlson and Bada should not be held in contempt for failure to comply with the Carlson Disgorgement Order ("Motion for OSC"). It was served upon Carlson at Law Firm and at his State Bar address as well as upon Bada at her State Bar address.

Bada filed an opposition to the Motion for OSC on July 6, 2011, stating that she was not named a party in Trustee's prior motion as well as the Carlson Disgorgement Order and should therefore not be held in contempt.

The Motion for OSC was set for hearing on January 11, 2012. The Notice of Rescheduled Hearing was served upon Carlson and Bada at their respective State Bar addresses.

The Trustee filed a response to Bada's opposition on December 14, 2011, stating that Bada consulted with Debtors prior to filing the petition and was counsel of record for the First Chapter 13 Case, for which she received $4,000 as well as the petition filing fee of $274.

Bada filed a reply to Trustee's response on December 28, 2011, addressing the merits of the Trustee's disgorgement request. Bada argued that Debtors are not entitled to disgorgement because: 1) The fees paid were earned because Carlson provided all services necessary and made all appearances. The First Chapter 13 case was dismissed due to Debtors' failure to cooperate. 2) Bada was not

4

named a party in Trustee's motion or the Carlson Disgorgement Order and had no standing to respond to the motion. By asking the court to hold Bada in contempt Trustee is denying Bada the constitutional right to due process. 3) The fees paid were a classic retainer, earned upon receipt, that never became property of the estate and that is, thus, not subject to disgorgement.

Again on January 4, 2012, Bada filed a supplemental reply listing further case law in support of her contention that a classic retainer is not subject to disgorgement.

The Motion for OSC was heard on January 11, 2012. At the hearing the court stated that it is "an issue" that neither Bada nor Law Firm were identified in the Carlson Disgorgement Motion. The court further stated that it will "issue a separate order, an initial order, requiring Mrs. Bada to account and disgorge . . . on [its] own motion." Hr'g Tr. January 11, 2012 at p. 1, line 23 through p.2, line 1. Moreover, the court found that the retainer agreement identified Bada and Law Firm as attorneys who received the fees. Bada confirmed having received the fees as cash payment. Thereupon the court told Bada "[y]ou need to account and disgorge" and reiterated that it will issue a separate order requiring Bada and Law Firm to account and disgorge. Hr'g Tr. January 11, 2012 at p. 2, line 6.

Following the hearing the court granted the Motion for OSC as to Carlson and set a hearing for March 7, 2012, ("Carlson OSC Order").

The court also entered an order on February 10, 2012, requiring

5

Bada to provide a detailed accounting of fees received in both chapter 13 cases and to disgorge such fees[5] by March 1, 2012 ("First Bada Order"). The First Bada Order was served upon Carlson at Law Firm on February 12, 2012. The "Notice of Entered Order and Service List" attached to the order also shows service to Bada at Law Firm, but does not indicate a date.

On February 15, 2012, Bada filed a response to the Carlson OSC Order stating that in case she was required to respond prior to the March 7, 2012 hearing she submits her arguments as listed in the December 28, 2011 opposition. She further requested that the court at the March 7, 2012 hearing make a determination as to whether the fees paid were a classic retainer.

On March 20, 2012, the court again entered an order requiring Bada to account in detail and disgorge fees received in both chapter 13 cases by April 10, 2012, ("Second Bada Order").[6]

Bada filed a Notice of Appeal of the Second Bada Order on April 2, 2012.

She also filed a response to the Second Bada Order on April 10, 2012, essentially stating the same arguments as made in her appellate brief.

---

[5] We do not understand why the bankruptcy court ordered accounting and disgorgement at the same time. Since one follows the other, courts usually order an accounting first and based on the accounting received address the amount to be disgorged.

[6] This order is substantially the same order that was entered February 10, 2012, aside from expressly naming Bada and Law Firm as recipients of the fees and a new due date.

**JURISDICTION**

Appellants argue that the bankruptcy court lacked subject-matter jurisdiction when it entered the Second Bada Order because the Second Chapter 13 Case had already been dismissed.

The Debtors' Second Chapter 13 Case was, in fact, dismissed on August 5, 2010. However, the dismissal order stated that "the court retains jurisdiction on all issues arising under the Bankruptcy Code Sections 110, 329 and 362."

Thus, even though Debtors' Second Chapter 13 Case was dismissed, the court retained jurisdiction to address questions regarding reasonableness of services provided under 11 U.S.C. §329(b). Hence, the bankruptcy court had subject-matter jurisdiction when it entered the Second Bada Order.

We address our jurisdiction below.

**ISSUES**

Do we have jurisdiction over this appeal?

Did the bankruptcy court err in entering an order requiring Debtors' former counsel to disgorge all fees received from Debtors?

**STANDARD OF REVIEW**

A bankruptcy court's conclusions of law, including its interpretation of the Bankruptcy Code, are reviewed *de novo.* In re S. Cal. Sunbelt Developers, Inc., 608 F.3d 456, 461 (9th Cir. 2010). A bankruptcy court's findings of fact are reviewed for clear error. Higgins v. Vortex Fishing Sys., Inc., 379 F.3d 701, 705 (9th

7

Cir. 2004).  A factual finding is clearly erroneous if, after reviewing the record, the appellate court has a definite conviction an error has been made.  In re Beauchamp, 236 B.R. 727, 729-730 (9th Cir. BAP 1999).  A bankruptcy court's determination of attorneys' fees will not be disturbed on review "unless the bankruptcy court abused its discretion or erroneously applied the law."  In re Strand, 375 F.3d 854, 856-57 (9th Cir. 2004); see also Sunbelt Developers, 608 F.3d at 461.

**DISCUSSION**

Finality and Appealability of Second Bada Order

Before addressing the issues raised in the parties' briefs, we turn to the peculiar history of the order on appeal.

In this case the bankruptcy court entered three disgorgement orders and one order to show cause.

The Carlson Disgorgement Order was entered on June 25, 2010; the Carlson OSC Order on February 10, 2012.

The court also issued two disgorgement orders with substantially the same content addressed to Bada.  The First Bada Order was entered on February 10, 2012, and served by BNC upon Carlson at Law Firm on February 12, 2012.  The "Notice of Entered Order and Service List" attached to the order also shows service to Bada at Law Firm, but does not indicate a date.  The Second Bada Order was entered on March 20, 2012, and served exactly as the prior order on March 22, 2012.

Bada filed a Notice of Appeal regarding the Second Bada Order.

8

In her brief she claims not having received service of the First Bada Order, but acknowledges service of the Second Bada Order that was served the same way as the prior order. The bankruptcy docket is completely silent as to the bankruptcy court's reasons for entering the Second Bada Order.

We review the appellate record to determine if the First Bada Order is a final order. "A disposition is final if it contains 'a *complete* act of adjudication,' that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." Slimick v. Silva (In re Slimick), 928 F.2d 304, 307 (9th Cir. 1990).

At the Janaury 11, 2012 hearing on the Motion for OSC, the court stated that as a result of due process concerns, it would issue an "initial order" to Bada requiring Bada to account and disgorge by February 1. Hr'g Tr. January 11, 2012 at p. 1, line 23 through p. 2, line 20. The First Bada Order was then entered on February 10, 2012. At the next hearing, on March 7, 2012, the court stated that she had entered on February 10, 2012 the First Bada Order requiring Bada to account and disgorge. Hr'g Tr. March 7, 2012 at p. 3, lines 5-10. Thus, the court's statements at both hearings support a finding that the court intended the First Bada Order to be a final order. Further, the language of the First Bada Order and Second Bada Order is virtually identical. This strong identity between the two orders and the court's statements on the record show that the First Bada Order was a complete adjudication and the court's final act in the matter of disgorgement. Entry of the

9

Second Bada Order could not extend the deadline to file a timely appeal.

Once such a final order is docketed, irregularities in its service do not automatically extend the appeal period. See Fed. R. Bankr. P. 9022 ("lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002."); Warrick v. Birdsell (In re Warrick), 278 B.R. 182, 187 (B.A.P. 9th Cir. 2002) ("'It is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets. Therefore, the failure of a court clerk to give notice of entry of an order is not a ground, by itself, to warrant finding an otherwise untimely appeal timely.'") (quoting Key Bar Invs., Inc. v. Cahn (In re Cahn), 188 B.R. 627, 632 (B.A.P. 9th Cir. 1995)).

We are persuaded that this Panel lacks jurisdiction. Bada's appeal is untimely. Therefore, we do not address the merits of the disgorgement order.

**CONCLUSION**

For the reasons set forth above, we DISMISS this appeal for lack of jurisdiction.